315 So.2d 675 (1975)
STATE of Louisiana
v.
John W. CARLISLE.
No. 55820.
Supreme Court of Louisiana.
June 23, 1975.
*676 Michael S. Ingram, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Defendant, John W. Carlisle, was arrested on June 30, 1974, and charged with operating a motor vehicle under the influence of intoxicating beverages. Thereafter, the State of Louisiana filed a bill of information charging the defendant with driving while intoxicated as a third offender under La.R.S. 14:98, based upon two prior convictions for the same offense. The bill of information sets forth that Carlisle was first convicted on December 6, 1972, and was sentenced to pay a fine of $400.00 and costs, or, in default, to serve eighty-five days in jail; and, on March 15, 1974, he was convicted as a second offender and sentenced to pay a fine of $300.00 and costs, or, in default, to serve sixty days in jail, and to serve six months imprisonment, which sentence was corrected on May 1, 1974, to six months imprisonment in the multi-parish prison with credit for time served. Defendant was tried by a jury and found guilty as charged. He was sentenced to four years imprisonment at hard labor. Upon appeal of his conviction and sentence to this Court, he relies upon two assignments of errors. A third assignment of error was reserved, but since it was not briefed or argued by defendant, it is considered abandoned. State v. Richmond, 284 So.2d 317 (La.1973); State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972). We find reversible error in the first assignment of error, and we therefore pretermit a discussion of the second.
The defendant urges that the trial court erred in denying his motion to quash the amended bill of information on the grounds that the December 6, 1972 conviction was obtained against him without the assistance of counsel, and without his having knowingly and intelligently waived his right to counsel. We find merit in this contention.
The pertinent facts surrounding the December 6, 1972 conviction are these. Defendant appeared in the Monroe City Court on November 6, 1972, for his arraignment, at which time he pleaded not guilty. It is without dispute that he was not represented by counsel at the November 6, 1972 arraignment, or at the December 6, 1972 trial. It is his contention that he was not advised of his right to counsel and that he did not knowingly and intelligently waive that right. On November 6, 1972, the defendant and other defendants charged with various offenses who were present in court for arraignment were collectively advised of their rights by the City Judge in a standard opening speech made over a loudspeaker system at all arraignment sessions of that court. An excerpt from that opening address follows:
"Some of you may be entitled to the appointment of an attorney. All of you are entitled to have an attorney present at any stage on these proceedings. Some of you who are financially unable to secure an attorney, if your case merits it, may be entitled to the Court appointment of a lawyer. . . . Now if you wish to exercise any of the rights that I've outlined to you, the Court will expect for you to inform it of that fact when you come forward."
At the hearing on the motion to quash, Barbara Rhone, clerk of court, testified that it was the judge's practice to make an opening statement at the time of arraignment and not on the day of the trial. She testified that these opening statements were customarily made over a loudspeaker system, and were recorded. The defendant testified that at no time was he informed of his right to counsel, and further, that he was indigent at that time and could not have afforded to employ an attorney and, therefore, would have availed himself of a *677 court-appointed attorney if he had been informed of his right to one. He testified that he was present in the courtroom on November 6, 1972, and that he had heard parts of the judge's introductory address, but that he had failed to hear the portion regarding the right to counsel. Defendant claims that he could not hear everything because he was seated in the rear of the courtroom. Subsequently, on December 6, 1972, he was tried, found guilty, and he served eighty-five days in jail in default of paying the fine and the costs imposed.
The trial court held that the defendant had been advised of his right to counsel, and he had knowingly and intelligently waived this right by not voicing a request for counsel to be appointed when he entered his plea. We reverse the trial court's decision because a mere failure to voice a request for counsel to be appointed does not constitute the affirmative showing that counsel was offered and knowingly waived which is required by our decision in State v. Coody, 275 So.2d 773 (La.1973). There exists in the minutes no colloquy between the judge and the defendant concerning the latter's right to counsel and express waiver of such either at the arraignment or at the conviction and sentencing, nor do the minutes show any express waiver of this constitutionally guaranteed right.
In Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the United States Supreme Court held that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." 407 U.S. at 37, 92 S.Ct. at 2012, 32 L.Ed.2d at 538. In City of Monroe v. Fincher, 305 So.2d 108 (La.1974), this Court held that under Argersinger, a prior uncounseled conviction for driving while intoxicated could not be used as a primary conviction in subsequent prosecution of an accused as a repeat offender. This case falls squarely within the Fincher holding.
Regarding the city court judge's enmasse procedure of advising defendants of their rights, it is our opinion that while this type of statement may be a good general introduction to the court system for defendants, it is not sufficiently specific for a defendant's failure to respond thereto by requesting appointment of counsel to be construed as an express waiver.
For the reasons assigned, we hold that the defendant's conviction and sentence must be reversed, and the case should be remanded to the trial court for further action consistent with the views expressed in this opinion.
Reversed and remanded.
SANDERS, C. J., dissents for the reasons assigned by MARCUS, J.
SUMMERS, J., dissents for the reasons assigned by MARCUS, J.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
The sole issue presented here is whether defendant knowingly and intelligently waived his right to counsel. I find that defendant waived this right.
My appreciation of the facts are as follows. Defendant admits that he was present in court at the time the trial judge made an opening statement. An excerpt of the trial judge's remarks clearly indicates that defendant was advised of his right to court-appointed counsel and that, if he desired to exercise this right, he should do so by informing the judge when he came forward to enter his plea. The minutes also corroborate that defendant was advised of his rights. Defendant admits that he heard the judge make the opening statement, but denies having heard that part dealing with his right to court-appointed counsel. He further testified that he heard that part of the judge's statement in *678 which he was "talking about traffic violations and how many people got killed in Viet Nam and comparing them with the traffic violations." Having heard part of the judge's opening statement, it is only reasonable to assume that he heard the entire statement. He should not now be permitted to deny that he heard that part in which he was advised of his constitutional right to court-appointed counsel. Consequently, his failure to exercise that right, after being fully advised thereof, constitutes a waiver of same. I find that defendant was properly advised of his constitutional right to court-appointed counsel and that he knowingly and intelligently waived same. Thus, the trial judge properly denied defendant's motion to quash. I respectfully dissent.