DIXON, Justice.
Defendant Frank Walker was charged by bill of information with the crime of aggravated battery, a violation of R.S. 14:34. After a jury trial on March 18, 1975 he was found guilty as charged and subsequently sentenced to ten years imprisonment, suspended, and was placed on five years probation. On appeal he relies on thirteen assignments of error.[1] We find merit in assignments Nos. 7, 8 and 9.
The incident for which the defendant was arrested and charged occurred at his place of employment, the Celotex plant in Marrero, Louisiana. The State contended that defendant struck Ike Mosley with a hammer, knocking him to the ground and injuring Mosley’s head. Defendant admitted striking Mosley, but claimed he did so in self-defense.
As part of his case, the defendant attempted to call several of his coemployees at Celotex as character witnesses. One, George Hebert, testified that for the previous eight years he had been the defendant’s supervisor, and had in fact known the defendant from work for over twenty years. However, Hebert did not live in Walker’s neighborhood and testified that he did not know what the people in Walker’s neighborhood thought of Walker. The trial judge refused to allow Hebert to testify about defendant’s good character. Similar character witnesses among his coemployees were not allowed to testify. Such a restriction on character evidence presents reversible error.
La.R.S. 15:479 states:
“Character, whether good or bad, depends upon the general reputation that a man has among his neighbors, not upon what particular persons think of him.”
The State contends, and the trial judge agreed, that the statute renders *207 Walker’s coemployees incompetent to testify as character witnesses, because they were not his neighbors, that is, they physically did not live in the same general location as the defendant. We do not believe that the statute intends such a restricted notion of “neighbor.” The more modern view is the appropriate one: “neighborhood” includes any group with whom the accused is sufficiently associated so that a collective opinion of his character might reasonably be expected. Such a group could include his coemployees. See Annotation, 112 A.L.R. 1022.
Wigmore states:
“ . . . There may be distinct circles of persons, each circle having no relation to the other, and yet each having a reputation based on constant and intimate personal observation of the man. “There is every reason why the law should recognize this. Time has produced new conditions for reputations. The traditional requirement about ‘neighborhood’ reputation was appropriate to the conditions of the time; but it should not be taken as imposing arbitrary limitations not appropriate in other times. Alia témpora, alii mores. What the law, then as now, desired was a trustworthy reputation; if that is to be found among a circle of persons other than the circle of dwellers about a sleeping-place, it should be received.” 5 Wigmore, Evidence § 1616 (Chadbourne rev.1974).
McCormick points out:
“It is character at the time of the alleged crime that bears most nearly on the inference of innocence or guilt, and the reputation evidence must be confined to reputation at that time or a reasonable time before. The reputation traditionally was said to be limited to that which obtained in the community where the accused lived, but this should he extended to embrace any considerable group with whom he constantly associated in his business, work, or other continued activi-t.y, and who might reasonably be thought to have a collective opinion about him.” McCormick on Evidence § 191 (2d ed. 1972).
In the instant case, the character witnesses who were not allowed to testify were long-time coemployees with Walker at Celotex. The defendant admitted striking Mosley, but claimed self-defense. His coworkers’ testimony as to his reputation at the plant would have surely been relevant in this case, especially since the incident occurred at the plant. Therefore, it was error to exclude their testimony simply because they did not live in his “neighborhood.” In fact, evidence of his reputation in his neighborhood, where the incident did not take place, and where the defendant might be less well known, might well be less probative in this case than the evidence sought to be presented.
Accordingly, the conviction and sentence are reversed and set aside and the case is remanded for a new trial in accordance with law.

. Assignments Nos. 1, 2, 3, 5, 6, 10, 11, 12 and 13 were neither briefed nor argued and are therefore deemed abandoned. State v. Carlisle, 315 So.2d 675 (La.1975).