378 So.2d 427 (1979)
Steve E. LEBLANC
v.
Captain Willis WATSON.
No. 65207.
Supreme Court of Louisiana.
December 19, 1979.
*428 Smith & Hingle, Gilmer P. Hingle, Monroe, for plaintiff-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Willie E. Armstrong, Asst. City Atty., Monroe, for defendant-respondent.
PER CURIAM.
Defendant was charged in three affidavits in the city court for Monroe, Louisiana, with violations of Section 10-27, Sub. 3 of the City Code, drunk and disorderly in public. On May 30, 1979, he appeared for arraignment and entered a plea of guilty to all three charges. On June 1, 1979, the court sentenced him to ninety-five (95) days' imprisonment on each charge, the sentences to run consecutively. Thereafter, defendant filed an application for habeas corpus relief in the Fourth Judicial District Court. In that application, he alleged that the city judge had not personally advised him of his right to counsel prior to the entering of his pleas. The application also challenged the constitutionality of the city ordinance underlying the prosecution. On July 11, 1979, the district court denied him relief. We have now granted his application to review that judgment below. We reverse.[1]
The record in this case discloses that the city court in Monroe continues to follow the procedure we first considered in State v. Carlisle, 315 So.2d 675 (La.1975). On May 30, 1979, the day defendant entered his pleas here, the city judge collectively advised all persons in the courtroom of their rights. This opening address included the following with respect to representation by counsel:
... everybody who appears before this court has the absolute right to be represented by the attorney of your choice ... You have the right to seek out and consult with a lawyer of your choice, and seek his or her guidance and counsel as to what you should or should not do before this court. There are some of you here who may well be eligible for the appointment of a lawyer by the court to represent you free of charge ... if you wish the court to assist in appointing a lawyer to represent you, please make this request when you come forward.
On May 30, 1979, defendant in his turn stepped forward and entered his pleas of guilty. He did not ask for an attorney; nor did the court advise him personally with respect to that right. The court accepted the pleas without more and remanded defendant to jail for sentencing on June 1, 1979. Proceedings on June 1 followed the same scenario.
Defendant now alleges that he was in a holding area outside the courtroom when the court gave its collective advice. He also claims that, in any event, he was too ill at the time to have understood the advice. We find it unnecessary to resolve those factual contentions. In State v. Carlisle, defendant also claimed he had not heard the court's general address, relayed by loudspeaker to the hallway outside. Notwithstanding that claim, the trial court held that he had been advised of his right to counsel, and had knowingly and intelligently waived that right by not voicing a request for counsel when he entered his plea. We disagreed and reversed. Under the holding of the United States Supreme Court in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) we *429 found that "[t]here exists in the minutes no colloquy between the judge and the defendant concerning the latter's right to counsel and express waiver of such either at the arraignment or at the conviction and sentencing, nor do the minutes show any express waiver of this constitutionally guaranteed right." We thus concluded that while the judge's en masse procedure "... may be a good general introduction to the court system for defendants, it is not sufficiently specific for a defendant's failure to respond thereto by requesting appointment of counsel to be construed as an express waiver."
We see no reason to depart now from the holding in Carlisle. The procedure in the Monroe City Court continues to afford scant assurance to the trial court in accepting a plea of guilty, or to this Court in review of the plea that the accused has in fact received his rights, understood them, and knowingly and intelligently waived his right to counsel. For that reason, we will not infer from this silent record an express or implicit waiver of the right to counsel. North Carolina v. Butler, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979).
Accordingly, the judgment of the court below is reversed, and the case remanded for proceedings in accord with this opinion.
REVERSED.
NOTES
[1] In view of our disposition here, we do not reach the merits of defendant's constitutional argument.