381 So.2d 393 (1980)
STATE of Louisiana
v.
Harry Lee BELL.
No. 65231.
Supreme Court of Louisiana.
February 15, 1980.
Rehearing Denied April 7, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard K. Knapp, Dist. Atty., Charles Richard, Terry Johnson, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Alcide J. Gray, Lake Charles, for defendant-appellant.
*394 STONE, Justice ad hoc.
Defendant, Harry Lee Bell, appeared in court for arraignment on November 20, 1978 on a charge of simple burglary, at which time he informed the trial court that he wished to employ an attorney. Subsequent thereto, an attorney apparently was appointed for defendant and when defendant returned to court on December 11, 1978 for arraignment he advised the court that counsel had been appointed. On March 12, 1979 defendant appeared before the court without counsel because his court-appointed counsel had joined the office of the district attorney for the 22nd Judicial District. At that time, defendant waived his right to counsel. On April 30, jury selection began, and defendant informed the court that he wanted to continue to represent himself. An attorney who was present at the hearing, Alcide Gray, indicated to the trial judge that he was willing to accept an appointment to sit with defendant during the course of the trial in an advisory position. After the jury was selected, Gray moved to become counsel of record and for a continuance. The motion for a continuance was denied, but he was appointed counsel of record. Defendant did not object to the appointment. The defendant was tried and found guilty of simple burglary and sentenced.
On one assignment of error, Harry Lee Bell appeals from his conviction of simple burglary. The defendant argues that he did not knowingly and intelligently give up his right to counsel. As a result, Bell contends, the trial judge should have granted the requests of his subsequently appointed counsel for a continuance and a new trial.
After reviewing the record, we have decided that it is impossible to determine whether the defendant's decision was knowing and intelligent. Therefore, we vacate his conviction and remand his case for a new trial.
This decision in no way modified the holding of this Court in State v. Boettcher, 338 So.2d 1356 (La.1976). In Boettcher, we stated that we would not allow a defendant previously without counsel to suddenly change his mind the day before trial, retain counsel, and seek a continuance. Such behavior is dilatory and is properly discouraged. In this case, the record reflects that the fatal error occurred when the trial judge failed to inquire into the defendant's ability to defend himself. A finding supported by the evidence that the defendant's decision to defend himself was knowing and intelligent would require affirmance of his conviction. Such a finding cannot be made from the record in this case.
After reading the transcript of March 12, 1979[1] hearing at which the defendant waived his right to counsel, we conclude that the trial judge did not adduce enough information from the defendant to determine whether he knowingly and intelligently waived his right to counsel. The court was informed that the defendant needed a lawyer because his previous court-appointed counsel had left his case in order to accept a position as an assistant district attorney (Record on appeal, p. 32). The dialogue between Bell and the judge then proceeded as follows:
THE COURT: Of course, he's no longer with us, and is it your desire to have another attorney to ... appointed to represent you?
MR. BELL: No.
THE COURT: You don't want another lawyer, don't want any at all?
MR. BELL: No.
THE COURT: All right; you can waive your right to an attorney.
(Record on appeal, pp. 32-33). The trial judge considered this inquiry to be sufficient to support the defendant's waiver because the judge had to call the defendant back to the bench to set his trial date. As the court worked out the details of the trial *395 date, the judge addressed the defendant once more:
THE COURT: All right; now you've... you've just told me that you did not want to be represented by a lawyer. Now, don't come up here the day of the trial and say, look, I can't go to trial because I don't have a lawyer. Now, do you hear what I'm telling you? So if you decide you want a lawyer, then let us know in plenty of time, because you're not going to continue your trial simply because you tell us you didn't have an opportunity to get a lawyer or some problem with getting a lawyer, okay?
MR. BELL: That this month I go to Court?
THE COURT: What is that?
MR. BELL: It's this month here I go to Court?
THE COURT: No; next month ... the end of next month, April 30th. They are going to give you a card here to ... so you can remember that date, okay?
(Record on appeal, pp. 33-34).
The transcript gives no hint that the defendant understood the consequences of his not having an attorney. In addition, Bell gave no indication that he understood the judge's warning of the consequences of a continuance right before the trial. The judge revealed no knowledge of the defendant's ability to defend himself.
In State v. Hegwood, 345 So.2d 1179 (La.1977), we said that before a trial judge can allow a defendant to defend himself, that judge must determine:
[W]hether defendant's waiver of his right to be represented by counsel is intelligently and voluntarily made, and whether his assertion of his right to represent himself is clear and unequivocal. See Faretta v. California, [422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1977)], ... State v. Snoddy, 332 So.2d 800 (La.1976); State v. Nix, 327 So.2d 301 (La.1975), per curiam on denial of rehearing (La.1976).
Hegwood, 345 So.2d at 1182.
In Faretta, the United States Supreme Court said that the trial court should inform the defendant "of the dangers and disadvantages of self-representation, so that the record will establish that `he knows what he is doing and his choice is made with eyes open.' Adams v. United States ex rel. McCann, 317 U.S. [269], at 279, 63 S.Ct. [236], at 242 [, 87 L.Ed. 268]." Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). In upholding Faretta's right to represent himself, the high court noted that the record did affirmatively show "that Faretta was literate, competent, and understanding, and that he was voluntarily exercising his informed free will." Id.
Regardless of the basis for the judge's decision, the record reflects no attempt on his part to assess the defendant's literacy, competency, understanding, and volition. We can only conclude that the judge did not investigate these factors and that his decision to allow the defendant to represent himself was not supported by the record of the hearing.
Accordingly, the defendant's conviction is vacated and remanded to the lower court for a new trial.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents.
MARCUS, Justice (dissenting).
In my view, we need not consider whether or not defendant intelligently and voluntarily waived counsel because he was in fact represented by counsel in this case.
The record reveals that the court appointed counsel (Alcide Gray) to assist defendant on the day of trial (April 30, 1979), prior to its commencement.[1] The state, defendant and Mr. Gray announced that they were *396 ready for trial. The jury was selected and sworn. Thereafter, Mr. Gray moved for a continuance which was denied.[2] The court, with the consent of the defendant, appointed Mr. Gray to represent the defendant. Thereafter, trial proceeded with Mr. Gray representing defendant. Trial was not completed on April 30; it was continued to the next day (May 1) at which time the trial was completed. Mr. Gray represented defendant throughout the trial as well as at the hearing on the motion for new trial, at sentencing and on appeal to this court.
Accordingly, I respectfully dissent.
NOTES
[1] The November 20, 1978 hearing cited in State's brief is similarly deficient under the Faretta standard. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In addition, the hearing did not address the defendant's desire to represent himself because Bell at that time readily accepted counsel.
[1] La.Code Crim.P. art. 761 provides that a jury trial commences when the first prospective juror is called for examination.
[2] La.Code Crim.P. art. 708 provides that a continuance shall not be granted after the trial has commenced.