393 So.2d 1273 (1981)
CITY OF MONROE
v.
Kenneth Ray WYRICK.
No. 80-KA-1737.
Supreme Court of Louisiana.
January 26, 1981.
*1274 C. Daniel Street, Kostelka, Swearingen & Street, Monroe, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William Armstrong, City Prosecutor, for plaintiff-respondent.
STOKER, Justice Ad Hoc.[*]
Defendant, Kenneth Ray Wyrick, was charged by affidavit on April 14, 1980, with simple battery, a violation of § 10-6 of the City of Monroe Code (Ordinance 3263). On April 23, 1980, defendant was arraigned, waived his right to an attorney and entered a plea of guilty in the City Court of the City of Monroe. On April 25, 1980, defendant was sentenced to six months in jail. Defendant appealed to the Fourth Judicial District Court for the Parish of Ouachita. The District Court affirmed defendant's conviction and sentence in a written ruling on July 22, 1980. Defendant now appeals to this Court on the basis of three assignments of error.
According to the police report filed in the record, the defendant, a thirty-two year old male, committed a battery upon Lisa Jacobs, an eighteen year old female, in the Flamingo Lounge, in Monroe, Louisiana. Defendant was convicted after pleading guilty in the City Court and sentenced to six months in jail. Defendant appealed his conviction to the district court urging two assignments of error, namely, that the trial (city court) judge did not comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1 and that the sentence imposed was excessive. In oral argument before the district court the defendant raised an additional argument that he had not knowingly and intelligently waived his right to counsel. The district court rejected defendant's arguments and affirmed defendant's conviction and sentence. The defendant now urges this court to reverse that holding.
We find reversible error in the trial court's procedure concerning the giving of advice as to right to counsel and the acceptance of waiver of counsel based on that procedure. We reverse and remand the case for a new trial.
In the last above mentioned assignment the defendant asserts that the trial court committed error when it failed to advise him adequately in regard to his right to counsel.
At the time of defendant's arraignment, before he was called upon to plead, the trial judge offered the following instruction to all present in the courtroom:

*1275 "Everyone knows these days, but I'll just mention it again, that you have the right to be represented by an attorney. If you're too poor to hire a lawyer, you may be entitled to the Court appointment of one. If you want me to consider the appointment of a lawyer in your case, let me know of your desire here today. If you remain silent about the attorney, I'll assume that you've made your own arrangements or that you don't care to be represented by one. This is what it all pretty much summarizes down to."
Thereafter the defendant's name was called and the following colloquy took place between the trial judge and the defendant:
"Mrs. Hendrix: Kenneth Wyrick
BY THE COURT: You're charged with committing a battery on Lisa Jacobs. How do you plead.
Mr. Wyrick: Guilty.
BY THE COURT: Do you enter a plea of guilty understanding your right to be represented by an attorney?
Mr. Wyrick: Yes sir."
No further questioning occurred; there was no additional attempt to ascertain whether defendant understood or appreciated the consequences of his action.
On appeal, the district court judge in his decision placed emphasis upon his personal knowledge that the defendant was a recidivist who had been before the court several times and who was therefore aware of the import of his trial proceedings. The judge reasoned that the defendant's lengthy record was further evidence that he understood the consequences of his actions at trial. Additionally, the judge indicated that he was personally aware that defendant could afford retained counsel.
In a criminal prosecution in this State an accused is entitled to representation by counsel chosen by the accused. If the offense with which the accused is charged is one punishable by imprisonment and the accused is an indigent, he has a right to court appointed counsel. LSA-C. Cr.P. art. 513 provides as follows:
"In the case of an offense punishable by imprisonment, when the defendant appears for arraignment without counsel, the court shall inform him before he pleads to the indictment of his right to have counsel appointed to defend him if he is indigent. When a defendant states under oath that he desires counsel but is indigent, and the court find the statement of indigency to be true, the court shall provide for counsel in accordance with the provisions of R.S. 15:145 to the defendant before he pleads to the indictment."
Constitutional guarantees are afforded before an accused may actually be sentenced to a term of imprisonment. Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). LSA-Const. of 1974, Art. 1, § 13; Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); State v. Adams, 369 So.2d 1327 (La.1979) and State v. Coody, 275 So.2d 773 (La.1973). Accordingly, in the absence of a knowing and intelligent waiver of one's right to assistance of counsel, no person may be imprisoned for any offense unless he was represented by counsel. In the case before us the defendant was entitled to counsel because the offense with which he was charged carried imprisonment as a possible sentence. He was in fact sentenced to serve the maximum prison term of six months.
In State v. Bell, 381 So.2d 393 (La.1980) this Court vacated the defendant's conviction because the record failed to reveal that the defendant's decision to waive counsel was knowing and intelligent. The defendant there gave no indication that he understood the consequences of his action. This Court determined, as earlier established in State v. Hegwood, 345 So.2d 1179 (La.1977), that before a trial judge can allow a defendant to defend himself he must personally determine that defendant's waiver of the right and privilege of having appointed counsel to represent him is an unequivocal and clear assertion of his right to represent himself. This Court's decision in Bell, supra, followed the rationale of Faretta v. *1276 California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) in which the United States Supreme Court declared that the trial court should inform the defendant of the disadvantages and dangers that could result from self-representation. Recently in State v. LaFleur, 391 So.2d 445 (La.1980) this Court reversed a defendant's conviction where the record lacked any indication that the trial judge made an assessment of the factors listed in Faretta.[1] Further, this Court in LeBlanc v. Watson, 378 So.2d 427 (La.1979) noted that the city court in Monroe continued to follow the procedure of collectively advising defendants of their rights to counsel despite earlier disapproval of that procedure in State v. Carlisle, 315 So.2d 675 (La.1975). In Carlisle and LeBlanc, this Court concluded that the trial judge's en masse procedure could serve as a general introduction for defendant but was not sufficient to assure that the accused in fact received instruction as to his rights, understood them and intelligently and knowingly waived his right to counsel.
In the instant case, after reading the transcript of April 23, 1980, it is apparent that under the standard announced in Faretta and accepted by this Court, the trial judge failed to adduce enough information in the record to form a basis for his conclusion that defendant's was a knowing and intelligent waiver of counsel. Although the trial judge and the district judge may have had personal knowledge of the defendant which compelled their belief that defendant knew and understood the consequences of his action, this personal knowledge does not satisfy the Faretta requirement that there be a basis in the record for the conclusion that the defendant knowingly and intelligently waived his right to counsel. Absent that reviewable basis, it is impossible to ascertain the voluntariness or intelligence of this defendant's waiver of counsel.
From reading the transcript of the record in the instant case, it is apparent that under Faretta standards adopted by this court, the trial judge failed to adduce sufficient information in the record to form a basis for his conclusion that defendant made a knowing and intelligent waiver of counsel. In Carlisle and LeBlanc the trial judges concluded that the defendants in those cases knowingly and intelligently waived their rights to counsel by not voicing a request for counsel as instructed to do in the en masse address in the event the individuals desired appointed counsel. This court held in Carlisle that a mere failure to request appointment of counsel did not suffice to make the affirmative showing of waiver which is required. In LeBlanc this Court stressed the necessity for an express waiver to be reflected in the record. Evidently, the trial judge in this case sought to avoid the error found in Carlisle and LeBlanc by propounding to defendant, when he entered his plea, the question: Do you enter a plea of guilty understanding your right to be represented by an attorney?
We hold that asking such a question at the time of reception of a plea and receiving an affirmative answer does not avoid the error we disapproved of in Carlisle and LeBlanc. Such a procedure does not indicate in the record either (1) that a defendant knows what his rights to an attorney actually are, or (2) that the defendant knowingly and intelligently waived counsel. Such a procedure does not conform to the Faretta standards and requirements.[2]
*1277 In the district court's written ruling on the appeal in this case from the Monroe City Court the district judge noted the holding of this court in State v. Coody, supra. The district court also discussed this court's holding in Carlisle and LeBlanc. In the written ruling the district judge found certain circumstances which he held made it unnecessary to test the case on the basis of Carlisle and LeBlanc. These circumstances were that the defendant, Kenneth Ray Wyrick, was known by the judge from previous appearances before him on battery and non-support charges, and the record revealed other battery convictions in other courts. The district judge reasoned that the defendant was "a recidivist, thoroughly familiar with court procedures and his rights." Under these circumstances the district judge in the appeal took the not unreasonable position that he was entitled to assume appellant did understand his right to counsel and did knowingly and intelligently waive the right to counsel.[3]
The district judge as the judge in the appeal concluded as follows:
"Here, the individual comment by the trial judge to appellant about his `right to be represented by an attorney' clearly referred to the general, clear and inclusive instruction given collectively to all persons assembled for arraignment; and defendant's affirmative response clearly implied his understanding and his waiver of those rights. This Court cannot agree with appellant that in these circumstances, talking to a recidivist who had been in court many times, the judge must under penalty of reversal make additional specific remarks about the rights of indigents to free counsel, particularly when the record reveals appellant was not indigent."
We conclude that the district court committed error in making the assumption it did. With due respect to the position of the district judge sitting as an appellate court in this case, that position does not accord with the pronouncements in the jurisprudence developed with respect to the necessity of court instructions relative to the right to counsel and waiver of those rights. Repeatedly it has been emphasized that in such cases as this the record (the minutes of the court, for example) must affirmatively show the giving of proper instructions, offer of counsel if warranted and a knowing and intelligent waiver. Assumptions such as were made by the trial judge in this case do not appear in the record.
A further question we consider is whether the district judge's recitation into the record (in this case in his written ruling) of his knowledge of the accused's familiarity with his right to counsel dispenses with the necessity of individually advising him of his rights or of inquiring into the matter of whether the waiver is knowingly and intelligently made. That question, to rephrase it, is whether the personal knowledge of a judge before whom an accused appears (or a judge sitting as an appellate court as here) stated into the record may be substituted for the requirements of instruction as to right to counsel and a proper waiver of this right. We recognize the heavy burden imposed on trial courts with respect to explaining the right to counsel and determining *1278 when a waiver may be accepted. Nevertheless, previous developments and interpretations of law concerning these duties of criminal trial courts leave no room for less than literal compliance. They do not permit substitution of the knowledge of a court of the past history of an accused which would indicate that he had been previously instructed as to his rights and should therefore be familiar with them.[4]
Inasmuch as we find reversible error on the basis of the assignment of error discussed above we pretermit discussion of the two other assignments of error.
For the foregoing reasons assigned, we hold that the defendant's conviction and sentence must be reversed, and the case should be remanded to the trial court for further action consistent with the views expressed in this opinion.
REVERSED AND REMANDED.
NOTES
[*] Judges CECIL C. CUTRER, JIMMY M. STOKER, and NED E. DOUCET, Jr., of the Court of Appeal, Third Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice JOHN A. DIXON, Jr. and Associate Justices PASCAL F. CALOGERO, Jr., JAMES L. DENNIS, and JACK C. WATSON.
[1] In State v. LaFleur, supra, the following pronouncement was made:

"There should be some indication that the trial judge tried to assess the defendant's literacy, competency, understanding and volition before he accepted the waiver of counsel. State v. Bell, 381 So.2d 393 (La.1980)."
[2] The transcribed colloquy between the trial judge and Kenneth Ray Wyrick does not show that Wyrick had heard the advice given en masse by the trial judge. The record does not otherwise establish that Wyrick heard the advice being given. All the trial judge asked was "Do you enter a plea of guilty understanding your right to be represented by an attorney?" Wyrick answered "Yes, sir."

Under the circumstances the record does not establish what it was that Wyrick said he understood. If a collective or en masse instruction as to rights is given, it may be that certain persons accused and later called to plead either did not hear what was said, were not present at the time or did not actually understand the advice given. The trial court has the duty, not only of advising as to rights of counsel, but also of ascertaining whether or not the accused knowingly and intelligently waives his right to counsel. See State v. LaFleur, supra. In a sense the trial judge passed both responsibilities on to Wyrick. The trial judge left it up to the defendant Wyrick to state whether or not he understood his rights. The trial judge assumed that the "rights" referred to were those rights he had explained to a group collectively at the beginning of the session of court. In the end therefore, the record does not show either that Wyrick's rights to counsel were explained to him or that he understood them and therefore knowingly and intelligently waived them.
[3] The district judge also reasoned: "He obviously was not indigent when arraigned, since 9 days later (7 days after sentence) his retained attorney filed motion for appeal and bail." (Emphasis supplied) The bail bond (a $500 appearance bond) in the form of a purchased corporate surety bond was posted immediately upon the granting of the appeal and the fixing of the bond. Ability to make bail does not alone disqualify an accused for appointment of counsel. LSA-R.S. 15:147A(b).
[4] Articles 513 and 514 of the Louisiana Code of Criminal Procedure provide in pertinent part as follows:

Art. 513. Assignment of counsel in other cases
In the case of an offense punishable by imprisonment, when the defendant appears for arraignment without counsel, the court shall inform him before he pleads to the indictment of his right to have counsel appointed to defend him if he is indigent.
* * * * * *
Art. 514. Minute entry regarding counsel The minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to court-appointed counsel.