614 So.2d 254 (1993)
STATE of Louisiana
v.
Glenn Patrick RIVERS.
No. CR 92-753.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
*255 Michael J. Bonnette, Natchitoches, for defendant-appellant.
Charles Adams, Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and DOUCET and DECUIR, JJ.
DOMENGEAUX, Chief Judge.
The defendant, Glenn Patrick Rivers, was charged by a bill of indictment with the fourth offense of operating a motor vehicle while under the influence of alcohol (DWI), a violation of La.R.S. 14:98. Prior to trial, the defendant filed a motion to quash the bill of indictment. On July 7, 1992, after a hearing on the motion to quash, the Honorable Robert E. Burgess granted the defendant's motion. Originally, the State sought review of this ruling by an application for writs; however, this was not procedurally proper. The trial court then granted the State an out-of-time appeal pursuant to La.C.Cr.P. art. 912 B(1). The State now appeals the granting of the defendant's motion to quash based upon one assignment of error.

FACTS
The defendant was indicted by a grand jury for operating a motor vehicle under the influence of an alcoholic beverage, fourth offense, which offense occurred on February 15, 1992. The predicate offenses listed in the indictment were guilty pleas entered on August 17, 1988 under Docket No. 38379, on October 26, 1989, under Docket No. 39711, and on July 18, 1990, under Docket No. 40318. The true bill was *256 issued on March 10, 1992. On March 24, 1992, the defendant filed several motions, including a motion to quash the bill of indictment which was subsequently granted by the trial judge.
The motion to quash was based upon the defendant's uncounseled guilty plea of October 26, 1989. The defendant alleged that the trial judge at that plea hearing, the Honorable Claude R. Sledge, failed to inform him of the nature of the charge or its maximum penalty and also failed to ascertain on the record the defendant's age, education, background, and understanding. At the hearing on the motion to quash, Judge Burgess reviewed the guilty plea colloquy and noted that the elements of La.R.S. 14:98 were never read to the defendant, nor was the defendant told the maximum penalty of a first offense. The trial judge stated that he found no evidence of an inquiry into the defendant's education, background or experience, nor did the exchange between the defendant and the judge at the guilty plea offer any evidence on the matter because the only answer elicited from the defendant were either "yes sir," or "no sir." In ruling on the matter, the trial judge stated he found that:
considering all of the circumstances surrounding the plea of guilty of the defendant on October 26, 1989 that the State of Louisiana has failed to carry its burden of proving that the defendant's plea was entered with a knowing and intelligent waiver of the right to counsel, the Motion to Quash the conviction of October 26, 1989 is granted. [See State v. Strain, 585 So.2d 540 (La.1981), LaFleur v. Donnelly, 416 So.2d 82 (La.1982), and State v. Combs, 567 So.2d 733 (La.App. 2d Cir.1990).]
The defendant's October 26, 1989 guilty plea was entered after an en masse colloquy with 12 offenders, all charged with first offense DWI, except one who was charged with second offense. Judge Sledge explained the consequences of pleading guilty to DWI, first offense, a misdemeanor, as including the waiver of the right to be tried by a judge, the right to cross examine witnesses, the right to have the State carry the burden of proof, and the right against self-incrimination. The judge also explained that the defendant had a right to be represented by counsel at trial and to have counsel appointed if the defendant could not afford one. The judge then explained the dangers of self-representation at trial and questioned the defendant about whether drugs, alcohol, or other problems affected his mental capacity. However, the judge made no inquiry as to the defendant's literacy, competency, understanding, and volition, and no evidence of the same the appears in the record of the guilty plea hearing. The judge also did not inform the defendant of the elements of La.R.S. 14:98, first offense, or of its maximum penalty, although the assistant district attorney did read into the record the factual basis of the charge and the trial judge explained the possibility of sentence enhancement for multiple offenders.

ASSIGNMENT OF ERROR
In its single assignment of error, the State argues that the trial judge who presided over the guilty plea hearing was not required to assess this defendant's literacy, competency, and understanding of his waiver of rights on the record because the defendant had an extensive criminal history and was well known by the trial court.
At the hearing on the motion to quash, the State introduced a presentence investigation report that had been prepared on this defendant in 1987. The report shows that the defendant has been arrested over 30 times in his adult life and has entered three DWI guilty pleas in addition to the three listed as predicate offenses herein. To show the trial court's personal knowledge of this defendant, the State attached to its appellate brief certified copies of court minutes showing that the defendant had appeared numerous times before the same judge who accepted his guilty plea. The minutes were not introduced into the record at the hearing on the motion to quash, and they are not properly before us at this time.
*257 The right to assistance of counsel is guaranteed to an accused in a criminal proceeding by both the U.S. Const. amend. VI, and the La.Const. art. I, § 13. The right to counsel has been found to include the correlative right of the accused to waive counsel and to represent himself. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). To be valid, the waiver of the right to counsel must be made knowingly and intelligently in light of the facts and circumstances of the case. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1958). The necessary exchange between the accused and the court prior to accepting a waiver of counsel at trial should include the court advising the accused of the nature of the charges and the penalty range for the charges, as well as an inquiry into the age, education, and mental condition of the defendant. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948); State v. Bell, 381 So.2d 393 (La.1980).
To use a prior DWI guilty plea to enhance the penalty of a subsequent DWI conviction, the jurisprudence requires the State to prove affirmatively that, in entering the prior guilty plea, the defendant was either represented by counsel or knowingly and intelligently waived his right to representation by counsel. State v. Wiggins, 399 So.2d 206 (La.1981). The trial judge's personal knowledge of an accused's familiarity with his right to counsel does not dispense with the necessity of individually advising the accused of his rights or inquiring into the matter of whether the waiver is knowingly and intelligently made. City of Monroe v. Wyrick, 393 So.2d 1273 (La. 1981).
In State v. Strain, 585 So.2d 540 (La. 1991), the Louisiana Supreme Court greatly relaxed the required showing for a knowing and voluntary waiver of the right to counsel, at least in the context of a misdemeanor guilty plea. The court held that where the defendant has chosen to plead guilty to a misdemeanor, the trial court need not counsel the defendant on the dangers of self-representation (as required by Faretta, supra) if the court has assessed that the defendant sufficiently understands the charge and the significance of the guilty plea. (This holding overrules Wyrick, supra, insofar as that decision requires an explanation of the dangers of self-representation at trial.) The Strain opinion also recognized that the requisite inquiry for a valid waiver of counsel may vary according to the circumstances. For example, the court pointed out that the crime of DWI is noncomplicated, almost self-explanatory, and the fact that a defendant may have previously pled guilty to the same crime shows that he was even more familiar with the nature of the crime. However, the court in Strain requires that the trial court's determination of a valid waiver be based upon factors appearing in the record:
When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial judge should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The judge should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency and conduct of the accused, as well as the nature, complexity and seriousness of the charge. (Emphasis added.)
585 So.2d at 540-541.
The record in Strain contained "comprehensive advice and inquiry." In the instant case, although the trial court advised the defendant, the judge did not make an inquiry into the defendant's competency. The State is asking that we consider material outside the record of the October 26, 1989 guilty plea proceedings, namely, the defendant's prior conviction record and the guilty plea colloquy to another DWI charge before another judge.
We can find no precedent for the use of the transcript of a proceeding from an unrelated charge before another judge as proof of the defendant's knowing and voluntary waiver of counsel in the guilty plea hearing being contested. There is no indication *258 in the record of the October 26, 1989 guilty plea hearing that Judge Sledge had before him either the transcript from the other plea or the defendant's presentence investigation report which detailed his prior history.
Dissenting in State v. Skeetoe, 501 So.2d 931 (La.App.2d 1987), Judge Sexton stated that nothing in Faretta, supra, or State v. Lafleur, 391 So.2d 445 (La.1980) requires the trial judge to assess the defendant's literacy, competency, understanding, and volition when an apparently competent defendant enters an uncounseled guilty plea to a misdemeanor.[1] Although logically and legally sound, this position has generally not been accepted by Louisiana courts. In State v. Strain, supra, the Louisiana Supreme Court has shown a willingness to re-examine the stringent requirements for establishing a valid guilty plea. However, we reluctantly find that Strain cannot be extended to the facts presented here.
Considering the jurisprudence cited above, we find that the recorded proceedings of the October 26, 1989 guilty plea fail to establish that the defendant made a knowing and voluntary waiver of his right to counsel. The judge's personal knowledge, even if stated on the record (and in this case it was not), cannot be a substitute for an inquiry into whether the waiver was knowingly and intelligently made. For these reasons, the guilty plea cannot be used as a predicate offense on which the charge of DWI fourth offense is based. The trial court's granting of a motion to quash is affirmed.
AFFIRMED.
NOTES
[1] The author of the case sub judice agrees with Judge Sexton, and sees this case as an opportunity for our Supreme Court to further extend the rationale of Strain to cover the facts presented herein.