hDOUCET, Chief Judge.
This appeal arises out of the defendant’s conviction for simple rape and the sentence imposed in connection with it.
Vanessa Pierce alleges that the defendant held her captive in his home for approximately twenty-four hours beginning on July 31, 1995, during which time he repeatedly raped and beat her. After he released her, she reported the incident to the Evangeline Parish Sheriffs Department.
On November 16, 1995, a grand jury indicted the defendant, William Thomas King, for aggravated rape, a violation of La.R.S. 14:42. On December 5, 1995, the trial court found the defendant to be indigent and appointed counsel for him. At |2arraignment on December 8, 1995, the defendant appeared without counsel and pled not guilty. By letter, the defendant informed the trial court that he wished to “partially represent” himself. The trial court appointed John Larry Vidrine to help the defendant. On March 4, 1996, jurors were selected. The next day, the State began to present its ease. However, a plea agreement was reached before the trial concluded. Pursuant to the plea agreement, the defendant agreed to plead guilty to the reduced charge of simple rape, a violation of La.R.S. 14:48. The trial court Boykinized the defendant, accepted his guilty plea, and sentenced the defendant to serve fifteen years at hard labor to run concurrent with any other sentence the defendant was serving at the time.
The defendant filed a pro se Motion to Reconsider Sentence, which the trial court denied on April 2,1996, without hearing. On April 25,1996, the defendant filed an application for post-conviction relief (PCR) with the trial court. The trial court appointed Blake Deshotels to represent the defendant at the PCR hearing. The trial court after hearing denied the defendant’s application for PCR on June 14, 1996. At the close of the hearing, Deshotels made a Motion for an Out-of-time Appeal for the defendant; the trial court gave the defendant fifteen days to file a written motion. On June 25, 1996, the trial court granted the defendant’s written pro se Motion for an Out-of-Time Appeal. Subsequently, an attorney was appointed to represent the defendant on appeal.
The defendant argues that the court did not properly question him before allowing him to represent himself. Before arraignment, the defendant was found indigent and entitled to appointment of counsel. However, on December 8, 1995, the defendant appeared at arraignment without counsel. By letter received by the trialjgcourt on January 10, 1996, the defendant stated that he understood that counsel would be appointed and asked to “partially represent” himself. John Larry Vidrine was appointed by the trial *816 court to assist the defendant. On January 17, 1996, Vidrine filed a motion for a bill of particulars and discovery on behalf of the defendant. On February 21,1996, the defendant filed a written motion asking to “serve in ... [his] own defense” and “also be permitted the assistance of counsel.” No hearing was held on the motion; the trial court responded in writing to the motion as follows: “John Larry Vidrine, Esq., Attorney at Law, has already been appointed by this court to represent M. King, and will therefore assist him in representing himself.”
On March 1, 1996, the scheduled first day of trial, the defendant appeared and requested a continuance based on the fact he had not met his appointed counsel, John Larry Vidrine, before that day. The defendant informed the trial court that he “wanted representation but ... wanted the lawyer to understand ... [his] point of view.” The trial court advised the defendant that, because he had previously asked to represent himself, he did not “have an attorney anymore,” and that John Larry Vidrine was simply present to help the defendant. The trial court rescheduled the first day of trial for Monday, March 4,1996.
Before being allowed to represent himself, a criminal defendant must knowingly and intelligently waive his constitutional right to counsel. State v. Mitchell, 580 So.2d 1006 (La.App. 3 Cir.1991), writ denied, 613 So.2d 969 (La.1993). Both the state and federal constitutions guarantee a criminal defendant the right to counsel. U.S. Const, amend. VI; La. Const, art. I, § 13. Absent a knowing and voluntary waiver of the right to counsel, no person may be imprisoned unless | represented by counsel at trial. State v. Smith, 479 So.2d 1062 (La.App. 3 Cir.1985), citing Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).
Before a defendant may waive his right to counsel, the trial court must determine whether the defendant’s waiver of counsel is intelligently and voluntarily made, and whether his assertion of his right to represent himself is clear and unequivocal. State v. Hegwood, 345 So.2d 1179 (La.1977). The outcome of the court’s inquiry in this regard depends upon the facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. State v. Harper, 381 So.2d 468 (La. 1980). Although a defendant should be made aware of the dangers and disadvantages of self-representation, there is no particular formula which the trial court must follow in determining whether a defendant has validly waived his right to counsel. State v. Carpenter, 390 So.2d 1296 (La.1980). However, the record must establish that the accused knew what he was doing and that his choice was made “with eyes open.” Id. at 1298, citing Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
Before allowing a defendant to waive the right to counsel, the trial court must first determine a defendant’s literacy, competency, understanding and volition, that is, whether the defendant’s waiver of counsel was made voluntarily and intelligently. Second, the trial court must warn the defendant of the dangers and disadvantages of self-representation, so that the record establishes that the defendant knew what he was doing. Mitchell, 580 So.2d 1006; Smith, 479 So.2d 1062; State v. Adams, 526 So.2d 867 (La.App. 3 Cir.1988); State v. Sepulvado, 549 So.2d 928 (La.App. 3 Cir.1989) and State v. Bourgeois, 541 So.2d 926 (La.App. 3 Cir. 1989), writ denied, 572 So.2d 85 (La.1991).
|sThe record here shows that the trial court did not look into the voluntariness and intelligence of the defendant’s waiver of counsel, or warn the defendant of the dangers and disadvantages of self-representation. The record indicates that, because counsel had been appointed to assist the defendant prior to his request to represent himself with assistance, the trial court thought that the defendant had waived his right to counsel. However, the defendant informed the trial court that he had not meant to waive his right to counsel and that he only wanted to be involved in his defense[1] . Therefore, we must determine whether the defendant actually waived his right to eoun- *817 sel and, if a waiver occurred, whether the waiver was adequate.
In State v. Dupre, 500 So.2d 873 (La.App. 1 Cir.1986), writ denied, 505 So.2d 55 (La. 1987), the defendant expressly asked to represent himself, and was allowed by the trial court to act as “co-counsel.” The defendant performed many important trial functions, such as examining witnesses, performing opening and closing statements, and formulating trial strategy. Counsel was appointed to advise the defendant, and participated significantly in the proceedings. Despite counsel’s substantial involvement, the first circuit held that a knowing and intelligent waiver of the defendant’s right to counsel was still required, as well as warnings from the trial court to the defendant regarding the dangers and disadvantages of self-representation. The court explained its holding as follows:
In this case, although co-counsel was appointed as an advisor to Dupre, counsel spent a significant portion of the trial representing Dupre. Taylor argued motions, made objections, examined witnesses and assisted in closing arguments. The fact that Taylor partially represented Dupre at trial raises the initial issue of whether Dupre was thereby afforded all the benefits of legal representation and whether this representation abrogated the need for an adequate waiver of counsel.
|6We hold that it did not. Even though he has an attorney partially representing him, when the accused assumes functions that are at the core of the lawyer’s traditional role, as Dupre did, he will often undermine his own defense. Because he has a constitutional right to have his lawyer perform core functions, he must knowingly and intelligently waive that right. See United States v. Kimmel, 672 F.2d 720 (9th Cir.1982); Maynard v. Meachum, 545 F.2d 273 (1st Cir.1976); State v. Bell, 381 So.2d 393 (La.1980). This reasoning is “a logical extension of the well-established rule that a waiver is required despite the presence of a court-appointed advisor.” Kimmel, 672 F.2d 720, 721, [citing United States v. Dujanovic, 486 F.2d 182 (9th Cir.1973) ].
Id. at 877 (footnote omitted). See also State v. Penson, 630 So.2d 274 (La.App. 1 Cir. 1993).
In State v. Hayes, 95-1170 (La.App. 3 Cir.. 3/6/96); 670 So.2d 683, this court discussed the Dupre decision, and reversed a defendant’s conviction in a similar case: Initially, the defendant in Hayes informed the trial court that he would retain counsel. The defendant appeared several times before the trial court without counsel. Trial was continued more than once. On the first day of trial, the defendant appeared without representation and requested appointment of counsel. The trial court appointed counsel to help the defendant, but refused to continue the matter even after counsel informed the court that he was totally unprepared for trial. The trial court ordered counsel to help the defendant during voir dire only, which counsel did. During presentation of the state’s evidence, the defendant did not question witnesses and continually requested the assistance of counsel. Presumably, the defendant presented no defense. The defendant was convicted. The actual trial including jury deliberations took less than two and a half hours. At issue in Hayes, 670 So.2d 683, was whether or not an implied waiver of counsel had occurred due to the defendant’s failure to secure counsel. In reversing the defendant’s conviction, this court stated:
HThis extremely liberal interpretation of the right to counsel was followed in State v. Dupre, 500 So.2d 873 (La.App. 1 Cir. 1986), writ denied, 505 So.2d 55 (La.1987). In Dupre, the defendant had a court appointed advisor who assisted him and ended up representing him for a significant portion of his trial. However, when the defendant initially told the trial court that he lacked the means to hire an attorney and did not want one appointed to represent him, the trial court failed to inform the defendant of the dangers and disadvantages of self-representation or to inquire about the defendant’s literacy, competency, understanding and volition. The failure to make this inquiry a part of the record resulted in reversal of the conviction.
The situation in the case at bar, while similar to that in Dupre, presents a stronger case for reversal. On the day of trial, *818 March 27, 1995, the defendant was not represented by counsel. The trial judge appointed Mr. Mark Talley from the Indigent Defender Board to assist the defendant in jury selection. However, Mr. Talley informed the court he was unprepared to represent Mr. Hayes since he had received no prior notice. Yet, the trial judge insisted the trial proceed. Except for voir dire, defendant had no legal assistance or representation at all and conducted no defense; even though throughout the trial he continued to request the assistance of counsel. Despite defendant’s repeated pleas, the trial judge steadfastly refused his request.
Additionally, the trial judge never attempted to obtain a valid waiver of the defendant’s right to counsel.
Id. at 687.
In this case, even after the defendant informed the trial court that he had not meant to waive his right to counsel, the trial court declared that the defendant would represent himself with John Larry Vidrine’s assistance. Although Vidrine participated significantly in the proceedings, the record indicates the defendant was the controlling strategist during the proceedings. The defendant argued motions and objections, primarily conducted the cross-examination of the State’s witnesses, and chose the defense witnesses who were subpoenaed. Vidrine’s role was that of an advisor. The trial court failed to make a meaningful inquiry into the voluntariness and intelligence of the waiver and failed to warn the defendant about the dangers and | ^disadvantages of self-representation. Therefore, any waiver that may have arisen under these facts was inadequate. See Hayes, 670 So.2d 683.
The defendant pled guilty before the close of his trial. In Dupre, 500 So.2d 873, the court stated:
It is clear that Faretta cannot, and does not, contemplate that the propriety of granting a defendant the right to represent himself shall be judged by what happens in the subsequent course of that representation. It is the record made in recognizing that right that is determinative. See United States v. Bailey, 675 F.2d 1292 (D.C.Cir.), cert. denied sub nom., 459 U.S. 853, 103 S.Ct. 119, 74 L.Ed.2d 104 (1982). Furthermore, the state has the burden of establishing that the defendant knowingly and intelligently waived his constitutional right to the assistance of counsel. State v. Brooks, 452 So.2d 149 (La.1984).
Id. at 879. See also State v. Desdunes, 576 So.2d 520 (La.App. 4 Cir.), writ granted on other grounds, 577 So.2d 1011 (La.1990). The defendant’s subsequent plea of guilty does not negate the trial court’s error in connection with the waiver of the defendant’s right to counsel.
The defendant’s conviction and sentence must be reversed, and the case remanded for a new trial on the original charge. Since the trial court declared the defendant to be indigent, counsel should be appointed before a retrial. If the defendant asks to represent himself, the trial court should look into the voluntariness and intelligence of the waiver of counsel, and advise the defendant of the dangers and disadvantages of self-representation before ruling on the request.
Having found reversible error, we will not consider the remaining assignments of error.
Accordingly, the sentence and conviction of the defendant are reversed. We remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
AMY, J., concurs.

. Mr. John Larry Vidrine assisted the defendant heavily during the proceedings.