NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-169

STATE OF LOUISIANA

VERSUS

CURTIS K. JONES

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2008-TR-122026
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and James T. Genovese, Judges.

CONVICTION AFFIRMED; CASE
REMANDED FOR RESENTENCING.

Alfred F. Boustany, II
Attorney At Law
P. O. Box 4626
Lafayette, LA 70502
(337) 261-0225
Counsel for Defendant/Appellant:
    Curtis K. Jones

Keith A. Stutes
Assistant District Attorney
P.O. Box 3306
Lafayette, LA 70502
(337) 232-5170
Counsel for Appellee:
    State of Louisiana

**DECUIR, Judge.**

Defendant, Curtis K. Jones, was charged by bill of information with operating a vehicle while intoxicated (OWI), third offense, in violation of La.R.S. 14:98, and improper lane usage, in violation of La.R.S. 32:79. Defendant entered a guilty plea pursuant to *State v. Crosby*, 338 So.2d 584 (La.1976), to OWI, third offense, and reserved his right to appeal the trial court's denial of his motion to quash. The traffic violation charge was apparently dismissed. Defendant was sentenced to five years at hard labor plus payment of a fine and court costs; thirty days of the sentence was imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence was suspended, and Defendant was placed on supervised probation for a period of five years.

Defendant appealed and is now before this court asserting two assignments of error. He contends the trial court erred in denying his motion to quash the Iberia Parish OWI, first offense, conviction and the Lafayette Parish OWI, second offense, conviction.

## ASSIGNMENT OF ERROR NO. 1:

In his first assignment of error, Defendant contends the transcript of the Iberia Parish conviction shows he was not represented by counsel, and the trial court did not make him aware of the dangers and disadvantages of self-representation.

Defendant sought to quash the bill of information because the predicate offenses alleged therein could not be used to enhance the charged offense. Defendant asserted that the trial court did not explain the dangers and disadvantages of self-representation and failed to explain the elements of the offense, to advise him of the maximum possible penalty, and to require the State to offer a factual basis for the guilty plea. He points out to this court in brief that the Iberia Parish judge merely asked each defendant the same questions: name, address, date of birth, social security

number, education, and type of employment, then explained to the group the constitutional rights waived by pleading guilty. The trial court denied the motion to quash, finding that Defendant voluntarily waived his right to counsel, that he was advised of his right to counsel, and that he signed a guilty plea form indicating "his knowledge of that."

Louisiana Code of Criminal Procedure Article 556(B) establishes the trial court's duty when accepting a guilty plea to a misdemeanor charge which can be used for enhancement purposes for a subsequent offense. Essentially, the court shall not accept such a plea without first determining that the defendant knows and understands his constitutional rights. Generally, the trial court is not required to advise a defendant who is pleading guilty to a misdemeanor of the dangers and disadvantages of self-representation. *See State v. Rivers*, 614 So.2d 254 (La.App. 3 Cir.), *writ denied*, 623 So.2d 1330 (La.1993). The Louisiana Supreme Court, in *State v. Deville*, 04-1401 (La. 7/2/04), 879 So.2d 689, explained that the defendant in a subsequent proceeding bears the burden of proving that he did not knowingly and intelligently waive his right to trial and his right to counsel at the time of a prior guilty plea.

The transcript and record before us show that the State met its initial burden of proof when it submitted the transcript of the prior plea and the "Plea of Guilty to Misdemeanor Rights Form" executed by Defendant, wherein he waived the right to counsel and declared that he understood that right. Therefore, the burden then shifted to Defendant to prove there was an infringement of his rights or a procedural irregularity in the taking of his prior plea. His bare allegation that the trial court never explained the dangers and disadvantages of self-representation, or determined if he understood them, does not constitute evidence of a significant procedural irregularity in the Iberia Parish guilty plea. This assignment of error is without merit.

2

**ASSIGNMENT OF ERROR NO. 2:**

In his second assignment of error, Defendant contends the State failed to carry its burden of proving that he knowingly and intelligently waived his rights at the time he pled guilty to OWI, second offense, in Lafayette Parish. He argues in this appeal that the transcript shows no verbal response by him to any questions about whether he understood and waived his constitutional rights.

In his motion to quash, Defendant raised other grounds urging the invalidity of the guilty plea, but his motion was denied. The question of whether he verbally replied to the trial court's inquiries during the plea colloquy was never presented to the trial court in the instant case. Therefore, this assignment of error is not properly before this court for review, as the issue was not raised in the trial court. Uniform Rules—Courts of Appeal, Rule 1-3. Accordingly, this assignment of error will not be considered.

**PATENT ERROR:**

In reviewing this case for errors patent on the face of the record, we noticed a deficiency in the sentence which must be corrected by the trial court. In addition to the term of imprisonment, Defendant was assessed a fine and court costs to be paid pursuant to a payment plan devised by the probation office. This court has held that such a payment plan is subject to approval by the trial court, and the trial court must so state in the sentencing pronouncement. *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597. Therefore, we must remand to the trial court for resentencing, whereby the court may devise its own payment plan or order the probation office to devise a plan subject to court approval.

3

## DECREE

For the foregoing reasons, Defendant's conviction is hereby affirmed. The case is  remanded for resentencing.

**CONVICTION AFFIRMED; CASE REMANDED FOR RESENTENCING.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal, Rule 2–16.3.