457 So.2d 1254 (1984)
STATE of Louisiana
v.
David A. NEVELS.
No. 84 KA 0211.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*1255 Ossie Brown, Dist. Atty., District Attorney's Office by Samera Abide, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Anne L. Jordan, Appellate Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
Defendant, David Nevels, was charged by bill of information with felony theft, in violation of La.R.S. 14:67. The minutes indicate that at arraignment defendant was advised of his right to counsel and his right to court-appointed counsel in the event of indigency. Defendant advised the court he would obtain counsel and then entered a plea of not guilty to the charge. He was to return approximately six weeks later to name counsel. When defendant did not appear, a bench warrant was issued for his arrest. On September 12, 1983, defendant was present in court without counsel to answer the bench warrant. He was adjudged guilty of contempt of court, and the trial court deferred ruling until the trial date.[1] On September 21, 1983, the trial date, the transcript shows that defendant was again present in court without counsel. After a Boykin examination, the trial court allowed defendant to withdraw his not guilty plea and plead guilty. Subsequently, on November 18, 1983, defendant, without the assistance of counsel, was sentenced to two years at hard labor. The trial court advised defendant of his right to appeal and his right to be represented by counsel for appellate purposes and his right to court-appointed counsel if indigent. Defendant requested the court to appoint an attorney. The Public Defender's Office was appointed for appeal. Defendant appeals his conviction and sentence, alleging that the trial court erred in accepting an uncounselled guilty plea and in imposing an excessive sentence.

ASSIGNMENT OF ERROR NUMBER 1
Defendant contends that the trial court erred when it accepted his guilty plea without assistance of counsel. Specifically, he argues that the trial judge failed to adduce enough information to support the conclusion that defendant made a knowing and intelligent waiver of counsel. We agree and reverse defendant's conviction.
The right to assistance of counsel is fundamental in our legal system and essential to insure a fair trial. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, *1256 2009, 32 L.Ed.2d 530 (1972), State v. LaFleur, 391 So.2d 445 (La.1980). At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment. La. Const. of 1974, art. 1 § 13. Absent a knowing and intelligent waiver of this right, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony, unless he is represented by counsel at trial. Argersinger v. Hamlin, supra 92 S.Ct. at 2012; State v. LaFleur, supra.
Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation so that the record will establish that he knows what he is doing and his choice is made with eyes open. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). In Faretta, the defendant clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel. In upholding Faretta's right to represent himself, the United States Supreme Court noted that the record affirmatively showed that "Faretta was literate, competent, and understanding, and that he was voluntarily exercising his informed free will."
The Supreme Court in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), stated, "The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused."
The instant case is analogous to City of Monroe v. Wyrick, 393 So.2d 1273 (La. 1981), in which the defendant pled guilty without counsel, in City Court to simple battery and was sentenced to six months in jail. In that case, the trial judge initially instructed all present in the courtroom that they had a right to representation and a court-appointed counsel if they could not afford to hire a lawyer. If they remained silent, he would assume arrangements were made or that they did not wish to be represented by counsel. Thereafter, when defendant was called and pled guilty the trial judge asked, "Do you enter a plea of guilty understanding your right to be represented by an attorney?" Defendant answered yes and no further questioning occurred; no attempt was made to ascertain whether defendant understood or appreciated the consequences of his action.[2] The Louisiana Supreme Court found that the trial judge failed to adduce sufficient information in the record (emphasis theirs) to form a basis for his conclusion that defendant made a knowing and intelligent waiver of counsel. The mere failure to request counsel after instructions in the en masse address did not suffice to make the affirmative showing of waiver which is required. The court held that the single question to defendant did not conform to the Faretta standards and requirements. Furthermore, *1257 the court held that the personal knowledge of a judge before whom an accused appears, stated into the record, may not be substituted for the requirements of instruction as to right to counsel and a proper waiver of this right.
In the case sub judice the following colloquy took place between defendant and the trial judge at the Boykin examination:
THE COURT: You're here today without an attorney. I know you've been advised of your right to counsel previously but I'm going to go through it again. You understand that you have the right to be represented by counsel. If you are indigent I would appoint the Office of the Public Defender to represent you free of charge. Do you understand that right to counsel and do you wish to plead guilty at this time without a lawyer?
MR. NEVELS: Yes, sir. I wish to plead guilty, yes, sir.
That question and answer is the total inquiry into defendant's waiver of his right to counsel. From his answers, we are not even certain that defendant actually waived his right to counsel. In fact, most of the discussions with reference to counsel concerned whether defendant was going to retain counsel or whether the court was going to appoint counsel. As it turned out, neither was done. Moreover, with the exception of one question about defendant's educational background, the record reflects no attempt to assess defendant's literacy, competency, understanding and volition. In cases in which the record is devoid of an indication that the trial judge investigated these factors, the Louisiana Supreme Court has failed to conclude a waiver of counsel. State v. LaFleur, supra at 448; State v. Bell, 381 So.2d 393 (La.1980).
The constitutional right to be represented by counsel invokes the protection of the trial court. In Johnson v. Zerbst, supra, the United States Supreme Court stated:
This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record. 58 S.Ct. at 1023.
Therefore, since the record does not support a showing that defendant made a knowing and intelligent waiver of his right to counsel, we find reversible error.
Inasmuch as we find reversible error on the basis of defendant's first assignment of error, we pretermit discussion of his remaining assignment of error.
For the foregoing reasons, we hold that defendant's conviction and sentence must be reversed, and the case remanded to the trial court for further action consistent with the views expressed in this opinion.
REVERSED AND REMANDED.
NOTES
[1] The minutes reflect the statement made that the defendant was found guilty of contempt, but the trial court deferred ruling until trial date. It appears that sentence would have been deferred under these circumstances. However, the minutes further reflect that on the date of trial defendant was adjudged not guilty of contempt. We cannot reconcile the minutes, but the contempt issue is not before us.
[2] The court's opinion included the en masse address and colloquy between the defendant and the trial judge:

"Everyone knows these days, but I'll just mention it again, that you have the right to be represented by an attorney. If you're too poor to hire a lawyer, you may be entitled to the Court appointment of one. If you want me to consider the appointment of a lawyer in your case, let me know of your desire here today. If you remain silent about the attorney, I'll assume that you've made your own arrangements or that you don't care to be represented by one. This is what it all pretty much summarizes down to."
Thereafter the defendant's name was called and the following colloquy took place between the trial judge and the defendant:
"Mrs. Hendrix: Kenneth Wyrick.
BY THE COURT: You're charged with committing a battery on Lisa Jacobs. How do you plead.
Mr. Wyrick: Guilty.
BY THE COURT: Do you enter a plea of guilty understanding your right to be represented by an attorney?
Mr. Wyrick: Yes sir."
No further questioning occurred; there was no additional attempt to ascertain whether defendant understood or appreciated the consequences of his action.