573 So.2d 517 (1990)
STATE of Louisiana
v.
Porter A. STRAIN.
No. 89 KA 1421.
Court of Appeal of Louisiana, First Circuit.
October 17, 1990.
Writ Granted February 8, 1991.
*518 William R. Campbell, Jr., New Orleans and David J. Knight, Asst. Dist. Atty., Covington, for the State.
James H. Looney, Office of Indigent Defender, Covington, for appellant.
Before COVINGTON, C.J., LOTTINGER, EDWARDS, WATKINS, CARTER, SAVOIE, LANIER, CRAIN, ALFORD,[*] LeBLANC, and FOIL, JJ., and DOHERTY,[**] J. Pro Tem.
CARTER, Judge.
This court granted a hearing en banc to consider the sufficiency of the advice of rights given by the trial court before it accepted defendant's plea of guilty to second offense driving while intoxicated (DWI), a predicate offense to the instant charge of third offense DWI.

FACTS
On January 21, 1989, at about 2:25 a.m., Louisiana State Trooper Chuck Badon observed defendant, Porter A. Strain, driving a motor vehicle at a speed of sixty-seven miles per hour in a fifty-five mile per hour speed zone. The trooper pursued defendant. During the course of that pursuit, the trooper observed defendant's automobile weave across the center line of the highway several times. After the trooper stopped defendant, the trooper detected a strong odor of alcohol about defendant's breath and observed that defendant's speech was slurred and that defendant staggered when he walked. A breath analysis test administered to defendant revealed that defendant had a .17 percent blood-alcohol concentration.
Defendant was charged by bill of information with operating a motor vehicle while intoxicated, third offense, in violation of LSA-R.S. 14:98. The two prior convictions relied upon by the state to enhance the instant offense, which were set forth in the bill of information, are:
(1) A June 24, 1988, guilty plea to DWI in the Twenty-Second Judicial District Court bearing docket number 172,592; and

*519 (2) A June 12, 1987, guilty plea to DWI in the Twenty-Second Judicial District Court bearing docket number 161,689.
Initially, defendant pled not guilty. Subsequently, at a proceeding held on June 15, 1989, defendant introduced into evidence exhibit D-1, a certified copy of the transcript of his arraignment relative to the June 24, 1988, DWI conviction. In introducing D-1, defense counsel argued that defendant was entering a Crosby plea on the basis that defendant was not properly Boykinized and was not represented by counsel in that predicate conviction. Although the record does not reflect that the trial court expressly ruled on defendant's contention, defendant pled guilty to the instant charge, reserving his right to appeal the trial court's implicit denial of defendant's objection to the use of the challenged predicate for enhancement of the instant offense. See State v. Crosby, 338 So.2d 584 (La.1976). Defendant was subsequently sentenced to imprisonment at hard labor for a term of one year, six months of which was to be served without benefit of probation, parole, or suspension of sentence.
Defendant appeals, alleging that one of the predicate offenses, specifically the June 24, 1988, guilty plea to DWI under docket number 172,592 in the Twenty-Second Judicial District Court, cannot be used for enhancement because the plea was uncounseled and entered without a knowing and intelligent waiver of the right to counsel.[1] More specifically, defendant asserts that, since the court, which accepted the predicate guilty plea, failed to advise him of the pitfalls of self-representation and failed to determine whether he was "equipped" to represent himself, that conviction cannot be used as a basis to enhance the instant charge of third offense DWI.[2]

USE OF PREDICATE OFFENSES FOR ENHANCEMENT
In order to use a prior DWI guilty plea to enhance the penalty of a subsequent DWI conviction, the jurisprudence requires the state to affirmatively prove that, in entering the prior guilty plea, the defendant was either represented by counsel or knowingly and intelligently waived his right to representation by counsel. See State v. Wiggins, 399 So.2d 206 (La.1981).
In State v. Carson, 527 So.2d 1018 (La. App. 1st Cir.1988), this court stated the following:[3]
Whether a criminal defendant has knowingly and intelligently waived his constitutional right to counsel is a question which depends upon the particular facts and circumstances of each case. Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Factors which should be considered are (1) the background, experience and conduct of the accused, (2) the seriousness of the charge (whether it is a felony or a misdemeanor) and (3) the nature of the accused's anticipated self-representation (whether he will defend a jury trial or a judge trial, or enter a plea of guilty). If an accused wished to waive counsel and personally defend himself in a felony jury trial, the record must show that he was advised by the trial court of the dangers and disadvantages of self-representation and he had sufficient literacy, competency and understanding to represent himself. Faretta v. California, 422 U.S. 806, 95 *520 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Bell, 381 So.2d 393 (La.1980); State v. Dupre, 500 So.2d 873 (La.App. 1st Cir. 1986); writ denied, 505 So.2d 55 (La. 1987). This jurisprudence has been extended to apply to cases where an accused wishes to waive counsel and plead guilty in felony cases. State v. LaFleur, 391 So.2d 445 (La.1980); State v. Hart, 472 So.2d 280 (La.App. 1st Cir. 1985); State v. Nevels, 457 So.2d 1254 (La.App. 1st Cir.1984). However, it would be unrealistic and impractical to require such a showing where an accused is charged with a minor traffic misdemeanor and intends to plead guilty and pay a fine without the benefit of counsel. (footnote omitted).
527 So.2d at 1022.
In the instant case, the challenged predicate guilty plea is one to a second offense DWI, a misdemeanor offense. Accordingly, in reviewing the issue of whether defendant knowingly and intelligently waived his constitutional right to counsel as to this predicate, our review is governed by the rule we adopted in State v. Carson, 527 So.2d at 1022, rather than the jurisprudence applicable to guilty pleas to felony offenses.
In so holding, we are aware of the opinion of the Louisiana Supreme Court in City of Monroe v. Wyrick, 393 So.2d 1273 (La. 1981), in which the court indicated that a trial judge, before accepting a guilty plea to a misdemeanor offense, might be required to inform the defendant of the disadvantages and dangers that could result from self-representation and to assess the defendant's literacy, competency, understanding, and volition. These factors, which were initially set forth in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), as relevant to an evaluation of the accused's ability to represent himself during a felony trial, had been applied previously as part of an analysis to determine whether a defendant's guilty plea to a felony charge was knowing and voluntary. See State v. LaFleur, 391 So.2d 445 (La.1980). In Wyrick, the accused pled guilty to a misdemeanor charge of simple battery. His conviction was reversed after the court determined that he had not knowingly and intelligently waived his right to counsel. We find, however, that Wyrick is readily distinguishable from the situation presented herein.
Wyrick involved a direct attack on the defendant's conviction. Herein, the validity of a predicate conviction raised by collateral attack is at issue. We are not convinced that predicate convictions must be reviewed under the same standards of voluntariness or intelligence of waiver of right to counsel as convictions presented for direct review. In cases involving the voluntariness of the guilty plea used to support a habitual offender enhancement or cases reviewed on application for post-conviction relief, the Louisiana Supreme Court has endorsed a more relaxed voluntariness standard regarding Boykin rights to determine the validity of a guilty plea. See e.g., State v. Yarbrough, 418 So.2d 503 (La. 1982); State v. Warren, 402 So.2d 662 (La. 1981). We find no inherent differences between these situations and advice of the right to counsel for a conviction used to enhance a subsequent DWI conviction to a felony so as to require a higher showing of voluntariness or intelligence of waiver of right to counsel for the predicate convictions.
Moreover, to the extent that Wyrick purports to apply the analysis criteria set forth in Faretta to the type of situation presented herein, Wyrick may be contrary to federal law. As previously noted, Faretta was concerned with a felony jury trial. Faretta is inapplicable to petty offenses. In United States v. Doe, 743 F.2d 1033 (4th Cir.1984), the court considered the argument of a cab driver who represented himself on a traffic charge and later claimed that the trial court should have determined his fitness to represent himself. The court, in specifically finding Faretta inapplicable to petty offenses, stated:
[T]he extensive colloquy recommended in Faretta and Townes [v. United States, 371 F.2d 930 (4th Cir.1966) ] to determine whether an accused has voluntarily and knowingly relinquished his right to counsel would make little sense in a case such as the present one. To put such emphasis on the defendant's decision to represent *521 himself and warn him of the dire dangers likely to follow therefrom would be contrary to the common sense result that most defendants in such cases will and should choose to represent themselves.
743 F.2d at 1038.
Thus, under federal law, Faretta is inapplicable even to the self-representation of a defendant tried for such an offense. It would follow, therefore, that Faretta does not apply to a case wherein the accused enters a guilty plea to such an offense.[4]
Additionally, we do not find in Wyrick a clear statement that the trial court is required to conduct a Faretta-type inquiry before accepting a guilty plea to a misdemeanor offense. Given the trial court's responsibility to determine the voluntariness of a guilty plea under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), as well as the accused's awareness of the consequences of such a plea, we are unsure of the actual benefit to be obtained by such an inquiry. Since Faretta is based on federal law concepts, we find the federal cases holding it inapplicable to guilty plea situations more persuasive than the inferences to be derived from Wyrick. This is especially true when we consider the difference between a direct attack on a defendant's conviction and the collateral attack on the validity of a predicate conviction. Therefore, we find that the standards set forth by this court in Carson are the appropriate standards by which to evaluate the voluntariness or intelligence of the waiver of right to counsel for the predicate conviction at issue herein.
In the instant case, exhibit D-1, the transcript of defendant's arraignment at which he pled guilty to the challenged predicate, reveals that the guilty plea was an uncounseled plea entered during an en masse arraignment at which defendant and five other defendants entered guilty pleas. D-1 reflects that during the en masse proceeding, the trial court, in questioning defendant, determined that defendant was twenty-nine years old, that defendant's highest attained level of education was eleventh grade, that defendant could read, write, and understand the English language, and that defendant was not then under the influence of drugs or alcohol. Thereafter, (before collectively advising the defendants of the Boykin rights) the trial court advised all six defendants collectively that each had a right to an attorney and that, if any defendant could not afford to hire an attorney, an attorney would be appointed to represent him at no charge. In response to personal questioning of defendant by the judge, defendant (and each of the other defendants) gave affirmative responses indicating that he understood his Boykin rights and right to counsel and that he waived those rights.
Applying the applicable rule from State v. Carson to the June 24, 1988, predicate offense, we find that the transcript of defendant's arraignment more than adequately established that the trial court advised defendant of his right to counsel and that defendant knowingly and intelligently waived his right to counsel during the arraignment at which he entered the guilty plea to the challenged predicate offense. Hence, this assignment lacks merit.
Therefore, for the above reasons, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
SAVOIE, J., agrees with the result.
NOTES
[*] Judge Steve A. Alford, Jr., although participating in hearing the oral arguments of this case, did not participate in the decision due to personal illness.
[**] Judge Lewis S. Doherty, III, retired, is serving as judge pro tem by special appointment of the Louisiana Supreme Court to fill the vacancy created by the temporary appointment of Judge Melvin A. Shortess to the Supreme Court.
[1] Defendant also makes a general request, without alleging any specific error, that this court examine the record for patent errors. Such a request is unnecessary, since this court routinely examines all criminal appellate records for patent errors in accordance with LSA-C.Cr.P. art. 920(2). Our review of the record discloses no such errors.
[2] Defendant expressly states in brief that he raised no legal issue as to the validity of the June 12, 1987, DWI guilty plea and conviction.
[3] It should be noted that the majority opinion of this court in State v. Carson (concerning the issue of advice of and waiver of right to counsel), is the concurring opinion of Judge Lanier, 527 So.2d at 1022-1023, (in which Judge Crain concurred for the reasons assigned by Judge Lanier) rather than the primary opinion authored by Judge Shortess.
[4] In fact, there is at least some indication that federal courts find that Faretta does not apply to guilty pleas at all. See Lewellyn v. Wainwright, 593 F.2d 15, 16 (5th Cir.1979).