600 So.2d 1341 (1991)
STATE of Louisiana
v.
Eddie LAWRENCE.
No. 90 KA 1625.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
*1342 Bryan Bush, Dist. Atty. by Richard Johnson, Asst. Dist. Atty., Office of Dist. Atty., Baton Rouge, for plaintiff, appellant.
Office of Public Defender, Baton Rouge, for defendant, appellee.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Eddie Lawrence (defendant) was charged by bill of information with driving while intoxicated (DWI), third offense, LSA-R.S. 14:98. After entering a not guilty plea, defendant filed a motion to quash the bill of information insofar as it sought to enhance the charge using two prior DWI convictions as predicates. He contends those pleas were "constitutionally and statutorily defective" and, more specifically, that the pleas were entered into in violation of defendant's Sixth Amendment right to counsel. The trial court granted the relief requested by ruling that the predicate guilty pleas could not validly be used by the state to enhance the charge from a first offense to a third offense, leaving defendant charged with only a first offense DWI. When the prosecutor objected to the ruling and informed the court he wished to appeal, the court stayed the proceedings during the pendency of the appeal. Here, in a single assignment of error, the state alleges the ruling should be reversed because the trial court erred in granting defendant's motion to quash.
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination, (b) his right to trial and jury trial where it is applicable, and (c) his right to confront his accuser. The trial judge must also ascertain that the accused understands what the plea connotes and its consequences. State v. Jones, 404 So.2d 1192, 1196 (La.1981). It is the state's burden to show that the defendant's plea was taken in compliance with Boykin's requirement that the defendant expressly and knowingly waived his rights. State v. Santiago, 416 So.2d 524, 526 (La. 1982).
Additionally, an uncounseled DWI conviction may not be used to enhance punishment of a subsequent offense, absent a knowing and intelligent waiver of counsel. State v. Wiggins, 399 So.2d 206, 207-08 *1343 (La.1981). In State v. Strain, 573 So.2d 517 (La.App. 1st Cir.1990), affirmed, 585 So.2d 540 (La.1991), this court, sitting en banc, reconsidered and reaffirmed the holding of its opinion in State v. Carson, 527 So.2d 1018 (La.App. 1st Cir.1988), concerning the rule applicable to waiver of the right to counsel for DWI predicate offenses. In setting forth the applicable rule in Carson, this court stated the following:
Whether a criminal defendant has knowingly and intelligently waived his constitutional right to counsel is a question which depends upon the particular facts and circumstances of each case. Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Factors which should be considered are (1) the background, experience and conduct of the accused, (2) the seriousness of the charge (whether it is a felony or a misdemeanor) and (3) the nature of the accused's anticipated self-representation (whether he will defend a jury trial or a judge trial, or enter a plea of guilty). If an accused wished to waive counsel and personally defend himself in a felony jury trial, the record must show that he was advised by the trial court of the dangers and disadvantages of self-representation and he had sufficient literacy, competency and understanding to represent himself. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Bell, 381 So.2d 393 (La.1980); State v. Dupre, 500 So.2d 873 (La.App. 1st Cir. 1986), writ denied, 505 So.2d 55 (La. 1987). This jurisprudence has been extended to apply to cases where an accused wishes to waive counsel and plead guilty in felony cases. State v. La-Fleur, 391 So.2d 445 (La.1980); State v. Hart, 472 So.2d 280 (La.App. 1st Cir. 1985); State v. Nevels, 457 So.2d 1254 (La.App. 1st Cir.1984). However, it would be unrealistic and impractical to require such a showing where an accused is charged with a minor traffic misdemeanor and intends to plead guilty and pay a fine without the benefit of counsel. [footnote omitted]
527 So.2d at 1022.
Strain and Carson each involved the validity of a waiver of the right to counsel at the time defendant entered a guilty plea to a misdemeanor DWI offense which the state later sought to use as a predicate to enhance punishment for a subsequent DWI charge. In affirming the court's decision in Strain, the supreme court said:
The Faretta Court observed that an accused, in order to represent himself, must knowingly and intelligently waive the benefits associated with the right to counsel. In this context, and referring to the Johnson v. Zerbst and Von Moltke v. Gillies [332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948)] decisions, the Court stated that the accused "should be made aware of the dangers and disadvantages of self-representation" in order to establish on the record a knowing and intelligent decision as to the waiver. 422 U.S. at 835 [95 S.Ct. at 2541].
In the present case defendant relies on the quoted language from Faretta and on this court's decision in City of Monroe v. Wyrick, 393 So.2d 1273 (La.1981). He contends that the trial judge, by failing to warn him against the dangers of self-representation, did not perform the requisite judicial inquiry in the DWI-2 guilty plea to establish a valid waiver of counsel. We disagree, at least in the context of a waiver of counsel at a guilty plea.
While an accused who desires to waive counsel at trial generally should be made aware of the difficulties he might encounter in defending himself during the trial, there is little need to inform him of the pitfalls of self-representation at trial when he intends to plead guilty. The principal function of a lawyer for an accused who desires to plead guilty is to assist him in deciding whether to go to trial, and the judge who accepts an uncounseled guilty plea must satisfy himself that the accused knows and understands *1344 that by his waiver of counsel he is giving up his right to this assistance. The critical issue on review of the waiver is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge.
When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial judge should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The judge should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency and conduct of the accused, as well as the nature, complexity and seriousness of the charge. The nature of the self-representation to be undertaken is also significant, since a layman obviously can more easily understand from a brief explanation by the judge the significance of a guilty plea than he can the significance of defending himself in a felony trial, with the latent dangers and pitfalls attendant thereto. Determining the defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial. [footnotes omitted]
585 So.2d at 543-544.
The state relied upon two prior convictions to enhance the DWI charged in the bill of information: (1) an April 15, 1988, guilty plea to third offense DWI in Twentieth Judicial District Court under docket number W-88-1-26, and (2) a January 29, 1985, guilty plea to first offense DWI in the Eighteenth Judicial District Court bearing docket number 844960. Both predicate pleas were entered without presence of counsel.

PREDICATE OFFENSE NUMBER ONE
In regard to the April 15, 1988, predicate guilty plea, the record shows that the evidence upon which the state relied to support its use of this predicate consisted of certified copies of the pertinent court minutes of the arraignment proceeding at which the plea was tendered and another document which is captioned "Transcript of arraignment at St. Francisville, Louisiana, on the 15[th] day of April, 1988."
The minute entry shows that defendant entered this predicate guilty plea "unaccompanied by counsel" and states, in pertinent part:
The Court advised him of his right to counsel and the nature of the charge and proceedings against him and found he could and did intelligently and knowingly waive the presence of counsel and permitted him to withdraw his prior plea of not guilty....
... The Court questioned the accused as to his understanding of his rights and he answered the questions of the Court and signed an affidavit in regard to his rights....
... The Court explained the enhanced penalty possibilities to the accused. The Court accepted the [guilty] plea, finding it was knowingly, intelligently and voluntarily made....
The other document purported to be a transcript of arraignment is not an actual transcript. Instead, it is a four-page, typed, fill-in-the-blank form (which has been filled in by hand) bearing the signatures of the judge, assistant district attorney, and defendant. The form contains a series of typed questions which (according to the form) the judge propounded to defendant and handwritten responses given by defendant. These questions and responses indicate that the judge advised defendant of the triad of Boykin rights and that defendant waived each of those rights. It indicates that (in response to specific questioning of the trial court) defendant answered that he was thirty-three years old; that he could read and write; that he was employed in construction work; and that he understood he was charged with *1345 third offense DWI. The form reflects that the judge read the statutory provisions defining DWI to defendant. The judge also specifically informed defendant as to the exact penalties for first, second and third offense DWI. Immediately thereafter, defendant responded affirmatively that he understood the crime and possible penalties. The judge informed defendant that by pleading guilty to third offense DWI he might, upon a subsequent criminal conviction, be subjected to enhanced penalties based on this plea. Defendant indicated to the judge that he so understood. The form also indicates the judge advised defendant and defendant understood that if he could not afford the services of an attorney at any stage of the proceedings, including appeal, the judge would appoint an attorney to represent him. Defendant further indicated he had discussed the case with his attorney on the telephone on the same day he entered the guilty plea and waived her appearance at the arraignment proceeding.
At the hearing on the motion to quash, the trial court noted the April 15, 1988, minute entry indicated the judge advised defendant of his right to counsel but failed to note any advice as to the right to counsel if defendant was indigent. Noting that the other document (the form) did indicate that defendant was advised of the right to appointed counsel in case of indigency, the trial court nevertheless ruled that, absent an actual transcript of the arraignment, the state had not proved that defendant had knowingly, intelligently, and voluntarily waived his rights.
We conclude that this minute entry, coupled with the questions and responses in the form, affirmatively established advice and knowing waiver of the three Boykin rights. Nevertheless, because the challenged guilty plea was to third offense DWI, a felony, the more stringent standards applicable to waiver of the right to counsel when a defendant pleads guilty to a felony (rather than the less stringent standards this court found applicable to misdemeanor predicates in Carson and Strain) apply to the challenged predicate. The judge's only attempt to assess defendant's literacy, competency, understanding, and volition was to inquire into defendant's age, educational background, and ability to read and write and to read the statutory definition of DWI and statement of the possible penalties, including possible application of enhanced penalties in the future by virtue of pleading guilty. The defendant responded that he understood the crime and possible penalties and had discussed the case with his attorney and waived her presence at arraignment. We note with particularity, however, that the documents relied upon by the state do not reflect that the judge made defendant aware of the dangers and disadvantages of self-representation. Hence, the evidence does not establish that defendant knew what he was doing and that his choice was made with open eyes. Accordingly, for the foregoing reasons, we find that the trial court did not err in finding the April 15, 1988, predicate defective.

PREDICATE OFFENSE NUMBER TWO
In regard to the January 29, 1985, predicate guilty plea, the record reflects that the evidence upon which the state relied to support its use of this predicate consisted of certified copies of the pertinent court minutes of the arraignment proceeding at which defendant entered this guilty plea and a guilty plea-rights waiver form pertaining to this predicate signed by defendant.
The minute entry states, in pertinent part, as follows:
The defendant was informed of his right to an attorney, waived his right to an attorney, was informed of his right to go to trial, his right to remain silent, his right to confront his accusers, [and] his right to subpoena witnesses, [and] waived all these rights.
Additionally, the guilty plea-rights waiver form states the following:
I UNDERSTAND THAT ... I AM ENTITLED TO BE REPRESENTED BY *1346 AN ATTORNEY; I UNDERSTAND THAT IF I AM INDIGENT, THAT IS UNABLE TO OBTAIN LEGAL REPRESENTATION, AND YET DESIRE TO BE REPRESENTED BY AN ATTORNEY, THAT THE COURT WILL APPOINT AN ATTORNEY TO REPRESENT ME.
I FURTHER UNDERSTAND THAT, WHETHER I AM REPRESENTED BY AN ATTORNEY OR NOT, IF I ENTER A PLEA OF GUILTY, BY THE ENTRY OF THE PLEA OF GUILTY, I WILL BE GIVING UP MY CONSTITUTIONAL RIGHTS: (1) TO BE TRIED IN OPEN COURT BY A JUDGE; (2) TO [CONFRONT] MY ACCUSERS AND THE RIGHT TO CROSS EXAMINE THE WITNESSES AGAINST ME THROUGH COUNSEL [OR] SELF; (3) TO SUMMON WITNESSES IN MY BEHALF; (4) I NEED NOT TAKE THE STAND TO INCRIMINATE MYSELF IN ANY WAY; AND (5) I HAVE THE RIGHT TO APPEAL, IF THE CASE IS LOST. BY PLEADING GUILTY, I WAIVE ALL THESE RIGHTS.
In granting the motion to quash regarding the January 29, 1985, predicate guilty plea, the trial court noted that, although the minute entry indicated the court which accepted this guilty plea had informed defendant of his right to counsel, there was nothing in the minute entry indicating the court had explained to defendant his right to court-appointed counsel if indigent or had attempted to determine if defendant understood and knowingly waived his rights. While noting the existence of the guilty plea-rights waiver form signed by defendant, the trial court stated it felt the waiver form did not serve to supplement the minutes. We disagree with the trial court's conclusion that the waiver form did not supplement the minutes. The minute entry alone clearly established that defendant knowingly waived the triad of Boykin rights; and, considering the minute entry together with the waiver form in light of the applicable rule (relative to misdemeanor predicate offenses) stated in State v. Strain and State v. Carson, we find these documents establish that defendant knowingly and intelligently waived his right to counsel at the arraignment proceeding at which defendant pled guilty to first offense DWI (a misdemeanor) on January 29, 1985. See State v. Carson, 527 So.2d at 1022-23. Accordingly, the trial court erred in granting the motion to quash in reference to this predicate which may validly be used by the state to elevate the DWI charged in the instant bill to the level of a second offense DWI.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
CRAIN, J., concurs. I agree that the result is correct under the existing jurisprudence. However, I think that State v. Strain, which dealt with a misdemeanor, should be extended to control the present case which is a felony.
LANIER, J., dissents in part and assigns reasons.
LANIER, Judge, dissenting in part.
The main question in this case is what constitutes a knowing and intelligent waiver of the right to counsel for a felony guilty plea (DWI-3). Because of the rationale and holding of the Louisiana Supreme Court in State v. Strain, 585 So.2d 540 (La.1991), we should certify this question to them. La. Const. of 1974, art. V, § 11 and La.R.S. 13:4449. See, for example, State v. Counterman, 491 So.3d 86 (La.App. 1st Cir.1986), certification granted, 501 So.2d 766 (La.1987). In the alternative, this court should go en banc, as it did in State v. Strain, 573 So.2d 517 (La.App. 1st Cir. 1990), and decide the issue. In the further alternative, there was a knowing and intelligent waiver of the presence of counsel in the instant case.

THE HISTORY OF FARETTA V. CALIFORNIA IN LOUISIANA JURISPRUDENCE
In Strain, 585 So.2d at 542-543, the court discussed the Faretta case as follows:

*1347 The case of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), although involving the denial of the right to self-representation (which necessarily involves the waiver of right to counsel), discussed the requisite judicial inquiry for a valid waiver. In Faretta the defendant requested, prior to trial on a grand theft charge, that he be permitted to represent himself. The trial judge determined that he had once before represented himself in a criminal prosecution, that he had a high school education, and that he did not want representation by the public defender because he believed that office was overloaded with work. Advising Faretta that he was making a mistake and would receive no special favors, the judge accepted his waiver of counsel, but indicated he might reconsider that ruling if Faretta appeared unable to represent himself adequately. Later, but before trial, the judge provoked another hearing and questioned Faretta about his ability to conduct his own defense. After questioning Faretta about hearsay evidence and voir dire examination, the judge ruled that Faretta had not made a knowing and intelligent waiver of the right to counsel. Noting that Faretta had no constitutional right to conduct his own defense, the judge appointed the public defender to represent him. The judge also denied Faretta's subsequent requests to act as joint counsel and to file certain pro se motions.
The Court held that an accused in a criminal case has a constitutional right of self-representation, in that the Sixth Amendment gives to the accused directly the right to make a defense. The express right to assistance of counsel embodies the correlative right to make one's own defense. Forcing unwanted counsel upon the accused, against his considered wish, violates the Sixth Amendment's guarantee of the right of the accused to choose between representation by counsel and self-representation.
The Faretta Court observed that an accused, in order to represent himself, must knowingly and intelligently waive the benefits associated with the right to counsel. In this context, and referring to the Johnson v. Zerbst and Von Moltke v. Gillies decisions, the Court stated that the accused "should be made aware of the dangers and disadvantages of self-representation" in order to establish on the record a knowing and intelligent decision as to the waiver.2 422 U.S. at 835, 95 S.Ct. at 2541.
2 The trial judge in Faretta repeatedly warned the accused of the dangers of self-representation and diligently inquired into his ability to represent himself. The judge erred only in refusing to allow Faretta to defend himself alone or in concert with his appointed attorney.
(Emphasis in original)
Faretta involved self-representation in a felony jury trial and was decided in 1976. In 1980, the Louisiana Supreme Court in State v. LaFleur, 391 So.2d 445 (La.1980) cited Faretta as authority to set aside a guilty plea in a felony case. In LaFleur, 391 So.2d at 447-448, the court observed as follows:
Finally, the defendant contends that the trial judge erred in refusing to appoint counsel to represent him. The right to assistance of counsel is fundamental in our legal system and essential to ensure a fair trial. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Absent a knowing and intelligent waiver of this right, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony, unless he is represented by counsel at trial. Argersinger v. Hamlin, supra, 407 U.S. at 37, 92 S.Ct. at 2012, 32 L.Ed.2d at 538. As in the case of a guilty plea, the record must demonstrate that the defendant was informed of the consequences of proceeding without counsel. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). There should be some indication that the trial judge *1348 tried to assess the defendant's literacy, competency, understanding and volition before he accepted the waiver of counsel. State v. Bell, 381 So.2d 393 (La.1980). The record in this case is bereft of such indications. (Emphasis added)
In 1981, in City of Monroe v. Wyrick, 393 So.2d 1273 (La.1981), the Louisiana Supreme Court cited Faretta and LaFleur as authority to set aside a guilty plea in a misdemeanor case. In Wyrick, 393 So.2d at 1275-1276, the court observed as follows:
In State v. Bell, 381 So.2d 393 (La. 1980) this Court vacated the defendant's conviction because the record failed to reveal that the defendant's decision to waive counsel was knowing and intelligent. The defendant there gave no indication that he understood the consequences of his action. This Court determined, as earlier established in State v. Hegwood, 345 So.2d 1179 (La.1977), that before a trial judge can allow a defendant to defend himself he must personally determine that defendant's waiver of the right and privilege of having appointed counsel to represent him is an unequivocal and clear assertion of his right to represent himself. This Court's decision in Bell, supra, followed the rationale of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) in which the United States Supreme Court declared that the trial court should inform the defendant of the disadvantages and dangers that could result from self-representation. Recently in State v. LaFleur, 391 So.2d 445 (La. 1980) this Court reversed a defendant's conviction where the record lacked any indication that the trial judge made an assessment of the factors listed in Faretta. Further, this Court in LeBlanc v. Watson, 378 So.2d 427 (La.1979) noted that the city court in Monroe continued to follow the procedure of collectively advising defendants of their rights to counsel despite earlier disapproval of that procedure in State v. Carlisle, 315 So.2d 675 (La.1975). In Carlisle and LeBlanc, this Court concluded that the trial judge's en masse procedure could serve as a general introduction for defendant but was not sufficient to assure that the accused in fact received instruction as to his rights, understood them and intelligently and knowingly waived his right to counsel. (Emphasis added; footnote omitted)
In 1984, this court in State v. Nevels, 457 So.2d 1254 (La.App. 1st Cir.1984) cited Faretta, LaFleur and Wyrick and set aside a guilty plea in a felony case. In Nevels, 457 So.2d at 1255-1266, this court observed as follows:
The right to assistance of counsel is fundamental in our legal system and essential to insure a fair trial. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 2009, 32 L.Ed.2d 530 (1972), State v. La-Fleur, 391 So.2d 445 (La.1980). At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment. La. Const. of 1974, art. 1 § 13. Absent a knowing and intelligent waiver of this right, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony, unless he is represented by counsel at trial. Argersinger v. Hamlin, supra 92 S.Ct. at 2012; State v. LaFleur, supra.

Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation so that the record will establish that he knows what he is doing and his choice is made with eyes open. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). In Faretta, the defendant clearly and unequivocally declared to the trial judge *1349 that he wanted to represent himself and did not want counsel. In upholding Faretta's right to represent himself, the United States Supreme Court noted that the record affirmatively showed that "Faretta was literate, competent, and understanding, and that he was voluntarily exercising his informed free will." (Emphasis added)
The court noted that the instant case (Nevels) was analogous to Wyrick. Nevels, 457 So.2d at 1256.
In Strain, the Louisiana Supreme Court distinguished Faretta (as previously shown herein) and expressly overruled Wyrick in part. The following pertinent discussion appears in Strain, 585 So.2d at 543-544:
In the present case defendant relies on the quoted language from Faretta and on this court's decision in City of Monroe v. Wyrick, 393 So.2d 1273 (La.1981). He contends that the trial judge, by failing to warn him against the dangers of self-representation, did not perform the requisite judicial inquiry in the DWI-2 guilty plea to establish a valid waiver of counsel. We disagree, at least in the context of a waiver of counsel at a guilty plea.

While an accused who desires to waive counsel at trial generally should be made aware of the difficulties he might encounter in defending himself during the trial, there is little need to inform him of the pitfalls of self-representation at trial when he intends to plead guilty.3 The principal function of a lawyer for an accused who desires to plead guilty is to assist him in deciding whether to go to trial, and the judge who accepts an uncounseled guilty plea must satisfy himself that the accused knows and understands that by his waiver of counsel he is giving up his right to this assistance. The critical issue on review of the waiver is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge.
When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial judge should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The judge should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency and conduct of the accused, as well as the nature, complexity and seriousness of the charge. The nature of the self-representation to be undertaken is also significant, since a layman obviously can more easily understand from a brief explanation by the judge the significance of a guilty plea than he can the significance of defending himself in a felony trial, with the latent dangers and pitfalls attendant thereto. Determining the defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial.
. . . . .
While some cases may call for additional explanation or inquiry, nothing in the colloquy of the present case or in defendant's subsequent pleadings, briefs or other arguments to any court suggests that defendant did not fully understand the significance of the waiver of counsel or of the plea. There is also no suggestion that if the judge had warned him of any particular danger or pitfall of self-representation, defendant would not have waived counsel or pleaded guilty.6 Nor is there any hint of prejudice to the defendant from the lack of any particular or general warning.
We conclude that the trial judge adequately determined that defendant's waiver of the right to counsel at his guilty plea to the predicate offense was made knowingly and intelligently, and that this determination was not flawed *1350 by the judge's failure to advise defendant of the pitfalls of self-representation. The decision of this court in City of Monroe v. Wyrick, 393 So.2d 1273 (La. 1981), insofar as it is inconsistent with this opinion, is overruled.7
3 The "dangers and disadvantages of self-representation" language in Faretta has given rise to discussions in appellate opinions as to the requisite inquiry for waiver of right to counsel at trial. Professors LaFave and Israel, in listing some of the matters on which courts have suggested the accused should be informed, noted that "because the defendant ... desires to represent himself at trial (rather than to simply plead guilty without a lawyer), the trial judge should take special care to advise the defendant as to the pitfalls of self-representation". 2 W. LaFave & J. Israel, supra at § 11.5(c) (emphasis added).
Some of the pitfalls mentioned in opinions cited in the treatise include competing against an experienced prosecutor, ineffective voir dire examination of prospective jurors, failure to recognize objections to inadmissible evidence, inability to adhere to technical rules governing the conduct of the trial, ineffectiveness of the defense resulting from the defendant's dual role as attorney and accused, and loss of the right to complain post-trial about ineffective representation. These pitfalls are obviously dangers associated with trial and not with a guilty plea.

. . . . .
6 Defendant knew and understood he had the right to counsel at his guilty plea and was satisfied to give up that right until he committed another offense.
7 In Wyrick the minimal advice given by the court pales in comparison to the comprehensive advice and inquiry in the present case. However, as noted earlier, the knowing and intelligent nature of the waiver of counsel depends upon the circumstances of each case. (Emphasis added; footnotes omitted)
Strain involved a guilty plea to a misdemeanor and holds that a Faretta type advice of dangers and disadvantages of self-representation is unnecessary in such a case.

THE CASE FOR CERTIFICATION
A person is entitled to legal counsel at each stage of a criminal proceeding. La. Const. of 1974, art. I, § 13; L. Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La.L.Rev. 1, 44-47 (1974). What constitutes a valid waiver of the right to counsel depends, in part, upon the nature of the particular "stage" of the criminal proceeding at which the waiver is attempted. In 2 W. LaFave & J. Israel, Criminal Procedure § 11.3(a), pp. 29-30 (1984) appears the following:
Just as the right to counsel extends through various stages in the criminal justice process, waiver of that right can occur at each of those stages. In some respects, what is required for a valid waiver will vary with the particular stage. Thus, the standards for a waiver of counsel in the course of a police investigation differ in certain respects from the standards governing a waiver in a judicial proceeding. A judge accepting a waiver at trial, for example, may be required to conduct a type of inquiry as to the defendant's state of mind that simply would not be feasible for a police officer accepting a waiver prior to custodial interrogation. The requisites for a valid waiver in the course of investigatory procedures have been discussed in previous chapters. Our focus in this section is upon waivers in judicial proceedings, particularly at trial.2
2 A waiver at one stage of the judicial proceeding (e.g., the preliminary hearing) does not necessarily indicate an intent to waive at a later stage (e.g., trial), and the offer of counsel therefore should be renewed at each subsequent stage.... Along with renewing the offer, the court may be required to furnish different information to the defendant at each new stage in order to ensure that the waiver is valid. See Uniform Rule 711, supra, requiring the court to ensure that the defendant understands "the nature of the particular stage of the proceedings and his rights at that stage." (Footnote and citations omitted)
For the purpose of deciding whether certification of the question herein is appropriate, five stages are pertinent: (1) felony jury trial, (2) felony judge trial, (3) misdemeanor judge[1] trial, (4) felony guilty plea, and (5) misdemeanor guilty plea.
*1351 In Strain, 585 So.2d at 540, the court stated the following:

While an accused who desires to waive counsel at trial generally should be made aware of the difficulties he might encounter in defending himself during the trial, there is little need to inform him of the pitfalls of self-representation at trial when he intends to plead guilty. The principal function of a lawyer for an accused who desires to plead guilty is to assist him in deciding whether to go to trial, and the judge who accepts an uncounseled guilty plea must satisfy himself that the accused knows and understands that by his waiver of counsel he is giving up his right to this assistance. The critical issue on review of the waiver is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge. (Emphasis added; footnotes omitted)
However, the court then specifically discussed what constituted a valid waiver of counsel for a misdemeanor guilty plea (DWI-2) and expressly overruled Wyrick "insofar as it is inconsistent with this opinion". Strain, 585 So.2d at 544. The court did not specifically discuss what constituted a valid waiver of counsel for a felony guilty plea (such as DWI-3) and did not expressly overrule LaFleur. The question then becomes whether the above quoted language overruled LaFleur by implication. Rather than speculate on this question, I believe it would be simpler, and more efficient, to certify this question to the Louisiana Supreme Court. The majority of this panel does not agree.

THE CASE FOR SITTING EN BANC
This court has an internal rule that individual panels of the court are bound by the earlier opinion of another panel until such time as that opinion has been overruled by an en banc decision of this court. See, for example, Wasson v. Wasson, 439 So.2d 1208 (La.App. 1st Cir.), writ denied, 443 So.2d 592 (La.1983); Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir.), writ denied, 431 So.2d 773 (La.1983). In this posture, this panel of this court is bound by the Nevels decision until Nevels is reversed by an en banc decision of this court. Because I believe Nevels to be wrong, and, perhaps, overruled by implication by Strain, this panel should request an en banc sitting of this court to reconsider Nevels. This court did a similar thing in Strain. The majority of this panel does not agree.

VALIDITY OF WAIVER OF PRESENCE OF COUNSEL
The waiver of the presence of counsel for the 1988 predicate conviction was valid.
Initially, it should be noted that the 1988 predicate conviction involves a waiver of the presence of counsel, rather than a waiver of the right of counsel. The arraignment form[2] used by the trial court shows on page 1 under "APPEARANCES" that Lawrence "waived" the presence of counsel. This waiver is followed by the notation that "(Discussed w/Landrum on phone)". Page 3 of the form shows that Lawrence was asked "Have you fully discussed this case with your lawyer?" and he responded "Yes on phone today + waive her appearance". The court minutes and the arraignment form show that the State and Lawrence had a plea bargain (negotiated plea) in this case. He consulted with his attorney before going to court. Lawrence appeared in court to consummate the plea bargain agreement and waived the presence of his attorney. This is not an unusual practice in an active trial court. It is my opinion that the waiver of the presence of counsel in this factual setting is distinguishable from a waiver of the right to counsel. Lawrence had an attorney; she just was not present when he consummated the plea bargain.
*1352 Secondly, Lawrence and/or his attorney negotiated a very favorable plea bargain. In 1988, La.R.S. 14:98(D) provided as follows:
On a third conviction, regardless of whether the offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years, and may be fined not more than one thousand dollars. At least six months of the sentence of imprisonment imposed shall be without benefit of probation, parole, or suspension of sentence. If a portion of the sentence is imposed with benefit of probation, parole or suspension of evidence, the court shall require the offender to participate in a court-approved substance abuse program and/or participate in a court-approved driver improvement program. (Emphasis added)
The court minutes for the 1988 predicate conviction show that Lawrence was sentenced as follows:
The Court accepted the plea, finding it was knowingly, intelligently and voluntarily made, and, purusant [sic] to the plea bargain, sentenced him to serve 3 years in the custody of the Department of Public Safety and Corrections at hard labor, suspended said sentence and placed him on Active Supervised Probation for 5 years on the condition he serve 1 year in the parish jail, pay a fine in the amount of $500.00 and Costs of Court, to be paid after his release from jail, and pay $10.00 per month supervision fee.
This sentence is unlawfully lenient because the imposition of imprisonment was not made without benefit of probation, parole or suspension for at least six months and it does not require Lawrence to participate in a substance abuse or driver improvement program as a condition of probation. In this posture, how was Lawrence prejudiced (endangered or disadvantaged) by the absence of his attorney?
Thirdly, the essence of the majority holding on the 1988 predicate offense is stated as follows:
We note with particularity, however, that the documents relied upon by the state do not reflect that the judge made defendant aware of the dangers and disadvantages of self-representation. Hence, the evidence does not establish that defendant knew what he was doing and that his choice was made with open eyes. Accordingly, for the foregoing reasons, we find that the trial court did not err in finding the April 15, 1988, predicate defective.
The majority opinion does not discuss what are "the dangers and disadvantages of self-representation" when a defendant in a criminal case consummates an advantageous plea bargain out of the presence of his attorney. In Strain, 585 So.2d at 543, the Louisiana Supreme Court observed that "there is little need to inform him [a defendant in a criminal case] of the pitfalls of self-representation at trial when he intends to plead guilty", "[T]he principal function of a lawyer for an accused who desires to plead guilty is to assist him in deciding whether to go to trial", and "[T]he critical issue on review of the waiver is whether the accused understood the waiver." The minute entry and the arraignment form for the 1988 predicate offense show that after consulting with his counsel Lawrence knowingly and intelligently waived her presence at the arraignment, plead guilty and received an agreed upon sentence.
Finally, Lawrence and/or his attorney, negotiated an advantageous plea bargain in his 1988 predicate conviction. He consulted with the attorney before he consummated it. He waived the presence of his attorney at the arraignment. Faretta was never intended to be applicable in this factual setting. I dissent from the judgment of the majority which does so.
I agree with the majority that the 1985 predicate conviction is valid.
NOTES
[1] It is also possible in Louisiana to have a misdemeanor jury trial.
[2] A copy of this form is attached hereto as Appendix "A".

[Editor's note: The form was not included in the publication of this opinion.]