JaGONZALES, Judge.
Defendant, Bryan C. Authement, was charged by bill of information with third offense driving while intoxicated (DWI), a violation of La. R.S. 14:98. Defendant filed a motion to quash the bill of information and/or the use of the predicate offenses set forth in the bill of information. Following a hearing, the trial court denied the motion. Thereafter, pursuant to a negotiated plea, defendant pled guilty as charged, reserving the right to appeal the adverse ruling on his motion to quash. See State v. Crosby, 338 So.2d 584 (La.1976). In accordance with the plea agreement, the trial court sentenced defendant to two years at hard labor, with six months of the sentence to be without benefit of parole, probation or suspension of sentence. Defendant now appeals his conviction and sentence.

ASSIGNMENTS OF ERROR NUMBERS 1, 2 AND 3

The two predicate convictions relied upon by the state in charging defendant with third offense DWI were: (1) a July 3, 1991 plea of nolo contendere to a DWI charge in the City Court of Houma;[1] and (2) a guilty plea to a DWI charge entered on April 19,1993, in the 32nd Judicial District Court, Parish of Terrebonne. In his assignments of error, defendant alleges the July 3, 1991 nolo contendere plea cannot be used to enhance the instant offense because it was entered without a valid waiver of his right to counsel. These assignments of error lack merit.
An uncounseled DWI conviction may not be used to enhance punishment of a subsequent offense, absent a knowing and intelligent waiver of counsel. When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial court should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The court should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Determining the defendant’s ^understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial. Generally, the court is not required to advise a defendant who is pleading guilty to a misdemeanor of the dangers and disadvantages of self-representation. See State v. Strain, 585 So.2d 540, 543-44 (La.1991); State v. Marcoux, 96-0453, pp. 2-3 (La.App. 1st Cir. 3/27/97), 691 So.2d 775, 777, writ denied, 97-1079 (La.6/13/97), 695 So.2d 984. The critical issue on review of a waiver of the right to counsel is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge. Strain, 585 So.2d at 543; Marcoux, 96-0453 at p. 3, 691 So.2d at 777.
At the hearing on defendant’s motion to quash, the State introduced exhibit S-2 to establish the first predicate offense. Exhibit S-2 included a certified copy of an Explanation of Rights form which delineated a defendant’s rights, including the right to counsel. This form was signed by defendant following the recitation of rights. The section captioned WAIVER OF RIGHTS AND PLEA OF GUILTY OR NOLO CONTENDRE also was signed by defendant and dated July 3, *1228 1991, the date of his nolo contendere plea. The section captioned WAIVER OF RIGHTS TO ATTORNEY was not signed by defendant. The final section on the page was signed by William G. Yates, Judge Ad Hoc, that same date. Exhibit S-2 also included an arraignment form used by the trial court, which indicated that defendant appeared on July 3, 1991, without counsel, thát his rights were read to him from a prepared rights form, and that he waived those rights. The form further indicated that, based on his observation of defendant and his response to the questioning, the judge found that defendant understood his rights and knowingly and intelligently waived those rights. At the bottom of the form, the following notation was written by hand: “Defendant advises that he spoke to his attorney who advised him to plead nolo contendré.... ”
Monica Fanguy LeBlane, a city court deputy clerk, testified at the motion hearing that she completed the arraignment form contemporaneously at the July 3,1991 hearing. She further stated that defendant informed the court at the July 3rd hearing that he had |4spoken to his attorney who had advised him to plead nolo contendere under La.C.Cr.P. art. 894.
Herein, the initial inquiry is whether it was necessary to advise defendant of the right to counsel and to secure a waiver of that right. The evidence submitted by the State indicates that defendant positively asserted to the court at the time of the July 3rd plea that he had spoken to his attorney, who had advised him to plead nolo contende-re. Thus, defendant merely waived the presence of his attprney, not his right to counsel. See State v. Johnson, 404 So.2d 239, 247 (La.1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). See also State v. Lawrence, dissenting opinion, 600 So.2d 1341, 1351 (La.App. 1st Cir.1991). Since defendant was represented by counsel, it was not necessary for the trial court to obtain a waiver or to advise defendant of his right to representation. Such advice was useless and unnecessary under the circumstances. Therefore, the trial court correctly denied defendant’s motion to quash the use of the July 3,1991 predicate.
Additionally, defendant makes general allegations in brief that the second predicate relied upon by the State is defective, but does not delineate any specific defects therein. In order to establish this predicate, the State introduced exhibit S-l (in globo), an exhibit consisting of a certified copy of a bill of information, a certified copy of the minute entry of defendant’s guilty plea to second offense DWI, and a written waiver of constitutional rights, all from State of Louisiana v. Bryan C. Authement, Docket Number 232, 181, 32nd Judicial District Court. We have reviewed these documents and find they are sufficient to establish the second predicate offense alleged in the State’s bill of information. See State v. Bland, 419 So.2d 1227, 1232 (La.1982); State v. Strain, 573 So.2d 517, 519 (La.App. 1st Cir.1990), affirmed, 585 So.2d 540 (La.1991). These assignments of error lack merit.

ASSIGNMENT OF ERROR NUMBER 4

By this assignment of error, defendant argues the trial court erred in denying his motion to reconsider sentence on the grounds that the sentence imposed was excessive.
^Defendant's penalty exposure for third offense DWI was imprisonment, with or without hard labor, for not less than one year nor more than five years and a fine of $2000.00. At least six months of the sentence must be without benefit of probation, parole, or suspension of sentence. La. R.S. 14:98 D(l). Pursuant to a plea bargain, defendant was sentenced to two years at hard labor, six months of the sentence being without benefit of probation, parole, or suspension of sentence; no fine was imposed.
Initially, we note that a “defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” La.Code Crim. P. art. 881.2 A(2). The record reflects that the sentence in this case was imposed in accordance with a negotiated plea agreement. At the Boykin hearing, the following colloquy occurred between the trial court and defendant:
Q. And, Mr. Authement, you understand that before today your attorney discussed *1229 with the court and -with a representative of the District Attorney’s office a plea agreement in connection with a guilty plea?
A. Yes, Sir.
Q. And you understand that I told Mr. Prejeant [defense counsel] that if you plead guilty I was going to sentence you to two years in the state Department of .Correction?
A. Yes Sir.
* * * * * *
Q. Mr. Authement, understanding the constitutional rights that you waive at this time as well as the sentence the court intends to impose and with the understanding that the prior ruling of the court will, in fact, be appealed, it is still your desire to plead to guilty?
A. Yes, Sir.
* * * * * *
In light of the negotiated plea in connection with this matter, it will be the sentence of the court that the defendant be imprisoned at hard labor in the custody of the Louisiana State Department of Correction for a term of two years with credit for any time served in prison awaiting process in sentencing in this case, six months of that sentence to be without benefit or parole, probation or suspension thereof.
Defendant voluntarily and with the assistance of counsel entered into a plea agreement providing for imposition of a specific sentence. The trial court imposed the sentence agreed to by defendant. Thus, defendant is precluded under La.Code Crim. P. |6 art. 881.2 A(2) from challenging his sentence on appeal. See State v. Young, 96-0195, p. 7 (La.10/15/96), 680 So.2d 1171, 1175; State v. Cousin, 96-2035, p. 8 (La.App. 1st Cir. 9/23/97), 700 So.2d 1016, 1020, writ denied, 97-2809 (La.3/13/98), 712 So.2d 875.

ASSIGNMENT OF ERROR NUMBER 5

In this assignment of error, defendant requests this case be remanded to the trial court for supplementation of the record to include the following items: a transcript of defendant’s testimony at, the hearing .on his Motion to Quash, a stipulation entered into the record at that hearing, and State exhibits S-l and S-2. With the exception of exhibit S-1, each of these items was already included in the record before this Court.[2] In accordance with defendant’s request, this Court issued an order on May 29,1998, supplementing the record with state- exhibit S-l (in-globo), which was introduced at the hearing on defendant’s Motion to Quash. Since the record before the Court is now complete, further supplementation of the record is not neees--sary.
DECREE
CONVICTION AND SENTENCE AFFIRMED.

. The bill of information incorrectly referred to this court as the "32nd "Judicial District Court, Parish of Terrebonne, Houma, Louisiana.” The court properly should have been referred to as the City Court of Houma, Louisiana. However, this error was harmless; defendant does not allege, nor does the record indicate, that the error caused any prejudice to defendant. See La. C.C.P. art. 487 A.

. Defendant concedes in brief that the copy of the record he utilized in preparing the brief may have been incomplete, and that the items noted might be included in the record before this Court.